THE BOARD   *H. C. Newcomb, J. S. Harvey* and *J. S. Newman,* for the
OF COMMIS-
SIONERS, &c.   appellants.
v.          *T. D.* and *R. L. Walpole,* for the appellees.
CHISSOM.

---

THE BOARD OF COMMISSIONERS OF TIPPECANOE COUNTY *v.*
CHISSOM.

A city is liable for the expense of receiving, boarding and discharging a pris-
oner convicted of a breach of a provision of its charter or by-laws and con-
fined in the county jail.

A suit to recover a penalty or forfeiture for the violation of the charter or by-
laws of a city, though commenced by warrant, is a civil suit, and the process
is consequently civil process.

Wednesday,   APPEAL from the *Tippecanoe* Court of Common Pleas.
June 18.
PERKINS, J.—*Thomas J. Chissom* filed with the board of
commissioners of *Tippecanoe* county, his account " for re-
ceiving, boarding and discharging prisoners convicted by
the city authorities of *Lafayette,* under the act for the in-
corporation of cities, approved *June* 18, 1852," and the
board refused to allow it.   *Chissom* appealed to the Com-
mon Pleas.   That Court held the county liable to pay the
account, and adjudged accordingly.   The board appealed
to this Court.

The city had a right, according to statutory provisions,
to use the county jail for the confinement of the prisoners
charged for.   *The Board, &c.,* v. *The City of Lafayette,*
*ante,* p. 614.

It will be observed that no constitutional question was
raised in that case or this.   But the inquiry remains, at
whose expense, conceding the statutes valid, should said
prisoners be so confined?

May Term,
1856.

THE BOARD
OF COMMIS-
SIONERS, &c.
v.
CHISSOM.

Common justice would seem to dictate at the expense of the city. And the fact that it would, perhaps, be doubtful whether a law requiring the people of the county to pay the expenses of the city would be within the constitution, may have some weight in construing a statute. Such a law, apparently, would authorize the taking of one man's property simply for the benefit of another, and not properly for public use. This appears, so far as we have been able to ascertain, to be the prevalent opinion; for we find that other city corporations pay the expenses of criminals confined by their authority. But we make no decision on this point. The act, we think, for the incorporation of cities, contemplates that these expenses are to be thus defrayed. It authorizes, in subdivision 32 of section 35, corporations under it to establish for themselves a "jail, work-house, and house of refuge." These must be for confining offenders against city enactments; but why should the city be empowered to make such expensive provisions, if the county is bound to support the offenders in the common jail? And, looking further into the code, we find that the act concerning county prisons puts the matter beyond doubt. Section 5 of that statute (1 R. S., p. 346) enacts that the county board shall allow the sheriff for keeping prisoners "committed for crime, or in any suit on behalf of the state;" while sec. 4 provides that "the cost of keeping a defendant imprisoned by civil process," shall be paid by the plaintiff.

Now, suits to recover penalties and forfeitures incurred by violations of city charters and by-laws, though to be commenced by warrant, sec. 40, p. 212, 1 R. S., are civil suits, and the process in them, consequently, is "civil process." *Levy* v. *The State*, 6 Ind. R. 281, and case cited.— *Bogart* v. *The City of New-Albany*, 1 Ind. R. 38, and authorities cited. Hence, by the statute, the city must provide for the cost of their imprisonment.

It may properly be mentioned that offences against the ordinances of the city are in most instances offences against the laws of the state; and that city officers are generally endowed with the powers of state police officers. Hence, individuals may be prosecuted by them for offences against

May Term,
1856.

the laws of the state, and imprisonments in such prosecutions would be at the expense of the county. These latter prosecutions are in the name of the state; those for violating city ordinances are in the name of the city.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, with instructions to the Court of Common Pleas to affirm the judgment of the county board, with costs.

*H. W. Chase* and *J. A. Wilstach*, for the appellants.

*F. B. Everett* and *E. H. Brackett*, for the appellee.