## City of Kokomo *v.* Harness.

[No. 5,310. Filed May 10, 1905.]

1. **MUNICIPAL CORPORATIONS.**—*Station-House.*—*Prisoners.*—*Board.*—*Liability.*—*Statutes.*—Where a city governed by the metropolitan police law (§§3717-3730 Burns 1901, Acts 1897, p. 90, and amendment, Acts 1901, p. 24) uses the county jail for the detention of its prisoners, it thereby adopts such jail as its station-house, and where board is furnished by the county sheriff to persons arrested by such city's officers without process and placed in such jail, such city is liable for the boarding of such prisoners from the time of such incarceration until taken before the proper tribunal for trial. p. 386.

2. MUNICIPAL CORPORATIONS.—*Station-House.—Statutes.*—It is the duty of every city governed by the metropolitan police law (§3723 Burns 1901, Acts 1897, p. 90, §7) to provide a station-house for the detention of its prisoners. p. 388.

3. STATUTES.— *Imposed Duty.— Municipal Corporations.— Action Ex Contractu.—Demand.*—Where the statute (§3723 Burns 1901, Acts 1897, p. 90, §7) provides that certain cities shall maintain station-houses and pay for the board of its prisoners, an action may be maintained *ex contractu* for such board and no demand for payment is necessary. p. 389.

From Howard Circuit Court; *J. F. Elliott,* Judge.

Action by Lewis W. Harness against the City of Kokomo. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*W. C. Overton,* for appellant.
*Willits & Voorhis,* for appellee.

ROBINSON, P. J.—Suit by appellee to recover, as sheriff, for boarding prisoners arrested and placed in the county jail by the police officers of appellant city. The court found the facts to be, substantially, that from June 1, 1901, to December 31, 1902, appellee was sheriff and keeper of the jail of Howard county, and boarded and cared for all prisoners committed to the jail. During this time appellant was operating its police system under the metropolitan police law, and, having no station-house for keeping prisoners, committed all prisoners arrested within its corporate limits by its officers for the violation of city ordinances and penal statutes of the State, committed within the city, to the care and custody of appellee, as sheriff; that as such sheriff and keeper of the county jail he received such prisoners, so committed by appellant through its police officers, and furnished them with board, and all accommodations necessary to be furnished such persons during the time they were so committed and detained by appellant prior to the release of such prisoners as were released without trial and without affidavits being filed against them, and prior to the filing of

the affidavits against such prisoners so detained where affidavits and formal charges were filed by appellant and its officers; that he furnished a designated number of meals to prisoners so committed during the time they were so detained, and that such prisoners were arrested within the city by appellant's officers for violations of penal statutes of the State and city ordinances committed within the city limits, such meals having been furnished before the filing of formal charges; that appellee also furnished a designated number of meals to prisoners so arrested for such offenses, and so committed, from the time of their commitment up to the time of their release and discharge by appellant and its officers, no formal charges having been filed against such prisoners; that the meals were worth a price stated. The court stated conclusions of law in appellee's favor.

1.  The solution of the question presented depends upon the construction to be given to the metropolitan police act (§§3717-3730 Burns 1901, Acts 1897, p. 90, and amendment, Acts 1901, p. 24) relating to the appointment of boards of metropolitan police commissioners in cities of 10,000 and not exceeding 35,000 inhabitants, section seven of which act (§3723 Burns 1901) provides: "It shall be the duty of the board of aldermen and board of common council of such city as shall have two such boards, and of the common council of such city where but one of such boards exist[s], to provide, at the expense of such city, all necessary accommodations within such city limits, for station-houses, to furnish the same, to warm and light the same by day and night, and to provide food for any person or persons detained in any of said station-houses, when such food is deemed necessary for such person or persons by the officer in charge. Also, to provide for payment, monthly, of the pay-rolls of the officers, members, and employes of such board of metropolitan police commissioners, upon the certificate of the president and secretary of such board as to

the correctness of the same; also, for such necessary office expenses, record books, stationery, printing, telegraphing, badges, clubs, furniture for rooms, and for the preservation, repair, and cleaning of the buildings and rooms used by the commissioners, for advertising, fuel, light and board of prisoners, it being the intention and meaning of this section that the necessary expenses incurred in the execution of criminal process for offenses charged by the board of metropolitan police commissioners, to have been committed in such city, and the maintenance of the police department hereby created within such city, shall be a charge to such city: Provided, that the total annual charge to such city for the maintenance of the board of metropolitan police commissioners, and the police department, hereby created, shall not, exclusive of the erection and maintenance of station-houses, city prisons, and other permanent buildings, the furnishing of the same, the warming and lighting of the same by day and night, and providing the food for any person or persons detained in the same, or the rental of any building to be used for any of the said purposes," exceed a sum named, except upon certain conditions specified.

The above statute imposes the duty upon appellant's common council to provide a station-house, and to provide food for any person detained therein when deemed necessary by the officer in charge. There is nothing in the statute to prevent the city from renting a building for such purpose, or from using for such purpose a building in charge of some one else. In the case at bar the appellant was using the county jail as its station-house, and, so far as the questions presented by this appeal are concerned, the county jail was appellant's station-house which the statute requires. Appellee is not asking to recover for boarding prisoners who have been convicted of crime or of violating a city ordinance, but for boarding persons, charged by appellant's police officers with crime or the violation of a city ordinance, from the time they were arrested by such

police officers and placed in jail until their discharge or conviction upon a trial, or their discharge from an abandonment of the prosecution of the charges against them. We have nothing to do in this case with any liability for boarding and caring for persons confined in jail after their conviction for some offense, or for the violation of some city ordinance. See *Board, etc.,* v. *Chissom* (1856), 7 Ind. 688.

No question is made that any person was committed to the jail upon an arrest that was not legally made by appellant's officers. It appears that all the commitments were made upon arrests without process (§3722 Burns 1901, Acts 1897, p. 90, §6), and that the time for which the claim for board is made was the period intervening between the arrest and incarceration and the time when the person so arrested was taken before the proper tribunal. See §§1771, 3510 Burns 1901, §§1702, 3075 R. S. 1881; *Boaz* v. *Tate* (1873), 43 Ind. 60; Gillett, Crim. Law, §156.

2. If appellant had erected a station-house as required by the statute, it would have been necessary for it to place some officer in charge, and, if persons were detained in such station-house, it would have been appellant's duty to provide food for such persons, if deemed necessary by the officer in charge. The statute expressly so provides. It is not optional with a city operating under the metropolitan police law whether it will maintain a station-house, but the statute makes it the duty of such city to do so. It is quite true that those living within the corporate limits of a city are not differently interested in preserving peace and good order and preventing crime from those living outside the city. But if appellant had erected a station-house, as the statute directs, and had placed it in charge of an officer, and such officer had provided board, such as forms the basis of appellee's claim in this case, it is manifest that, under the statute, appellant would be liable. The liability is in no way different simply because the city uses a building not its own for such purpose. The city having used the county

jail in charge of the sheriff as its station-house, the jail became for that time the city's station-house, and the sheriff the officer in charge. See *City of Alexandria* v. *Board, etc.* (1899), 23 Ind. App. 110.

3. Was a demand necessary before bringing suit? We think not. The city, through its policemen, committed these persons to jail, and in doing so assumed the duty of providing such food for them as was deemed necessary by the officer in charge. The action is *ex contractu,* and rests upon a plain legal obligation imposed upon appellant by statute, and is brought for the purpose of enforcing this legal duty. What contract, if any, strictly speaking, there was between appellant and appellee is defined by this statutory duty imposed upon appellant, and, if a contract, it was a contract implied in law. See 9 Am. and Eng. Ency. Law (2d ed.), 207; 15 Am. and Eng. Ency. Law (2d ed), 1078; *Hertzog* v. *Hertzog* (1857), 29 Pa. St. 465; *Sceva* v. *True* (1873), 53 N. H. 627. The statute having imposed the obligation, it was no less the duty of appellant to provide for the payment of such board than it was its duty to provide for the pay of its patrolmen. Appellant, acting only through its officers, knew when the parties were committed to the jail, and the time they were there detained. As appellant has made the jail its station-house, appellee was the officer in charge within the meaning of the statute, and it is made its duty to provide food for such persons when the person in charge deems the same necessary.

Judgment affirmed.