*L. Reilly*, for the state.

*W. F. Lane*, for the defendant.

May Term, 1855.

LEVY
v.
THE STATE.

6   281
126  598

---

LEVY *v.* THE STATE.

After the organization of the Courts of Common Pleas, until the R. S. 1852 took effect, proceedings for misdemeanors might be commenced simply by filing with the clerk a written charge, verified by affidavit.

The act of 1848 to prohibit the sale of spirituous liquors in a less quantity, &c., in *Wayne*, *Washington* and *Franklin* townships, in *Wayne* county, although local, is not a private statute.

To constitute a statute a public act, it is not necessary that it should extend to all parts of the state: it is a public act if it extends equally to all persons within the territorial limits described by the statute.

The Court is bound to notice a public act without pleading it. ✒

An affidavit against a defendant for a misdemeanor charged him by his surname, alleging his christian name to be unknown. *Held*, on motion to quash, that he was sufficiently identified.

The city of *Richmond* was incorporated by an act approved *February* 24, 1840, the 15th section of which gave the mayor, in civil and criminal cases, the jurisdiction of a justice of the peace, and the 46th section of which provided for the recovery of a penalty for the violation of any ordinance, by-law or police regulation, in an action of debt. This act was amended by an act of 1851, which declares the sale of spirituous liquors in any quantity in said city, except for the necessary uses in the arts, &c., to be unlawful; and the common council is authorized to carry out the provisions of said act, and to provide for the recovery of a penalty not exceeding, &c., for any offence. The second section gave the mayor exclusive jurisdiction of all offences committed under said act and the by-laws passed in pursuance thereof, the penalties for which were to be recovered in the manner provided in the act of incorporation. The common council passed an ordinance, pursuant to the provisions of said act, giving a penalty not exceeding, &c., for each offence, to be recovered in the manner prescribed by the charter. *Held*, that the action for the penalty for selling spirituous liquor, except, &c., under the amendatory statute, was a civil suit, and not a criminal prosecution, and, consequently, was not a bar to a prosecution by the state for the same act.

May Term,
1855.

LEVY
v.
THE STATE.

Friday,
June 1.

ERROR to the *Wayne* Court of Common Pleas.

GOOKINS, J.—At the *January* term, 1853, of the *Wayne* Court of Common Pleas, an affidavit was filed charging *Levy*, (whose first name was to the affiant unknown,) with having unlawfully sold to *William Crawford*, in *Wayne* township in that county, one pint of whisky, for 5 cents, not for mechanical or medicinal purposes.

The district attorney filed an information against *Levy*, by his full name, setting out an act passed in 1848, prohibiting the sale of spirituous liquors in *Wayne*, *Washington* and *Franklin* townships in *Wayne* county, in any less quantity than ten gallons, except for mechanical or medicinal purposes, under a penalty of not less than 3 nor more than 20 dollars. It then charged the sale by the defendant to *Crawford*, as in the affidavit.

The Court of Common Pleas overruled the defendant's motion to quash the affidavit and information, and, upon the plea of not guilty, there was a finding and judgment for the state.

It is unnecessary to notice the objections taken to the information, as there was not, at the time these proceedings were had, any statute requiring an information. The R. S. 1852 did not take effect until after this trial; consequently, the 4th article, 2 R. S., p. 363, and ss. 19, 22 and 24, requiring informations to be filed in the Common Pleas, do not apply to the case.

The act organizing the Court of Common Pleas, however, was in force, the 15th section of which provides that criminal proceedings may be commenced by filing with the clerk a written charge, verified by affidavit. Until the statute requring informations came in force, this was all that was necessary to put the party accused upon trial.

Two objections are taken to the affidavit. First, that it did not set out the act of 1848. The objection is not well taken. That act, which is in substance recited in the information, is published in the local laws of 1848, p. 586. Although local, it is not a private statute. To constitute a statute a public act, it is not necessary that it should extend to all parts of the state. It is a public act if it

extends equally to all persons within the territorial limits described in the statute. *Pierce* v. *Kimball*, 9 Greenl. 54. The Court was bound to notice that statute without pleading it.

The other objection to the affidavit is, that the defendant is not charged by his full name. *Archbold* says: " If the name of the prisoner be unknown, and he refuse to disclose it, he may be described in an indictment as a person whose name is to the jurors unknown, but who is personally brought before them by the keeper of the prison; but an indictment against him as a person to the jurors unknown, without something to ascertain whom the jury meant to designate, would be insufficient." Arch. Cr. Pl. 25. According to this authority, a person may be charged without designating him by any name, by averring his name to be unknown, and otherwise describing him. The affidavit before us charges *Levy* by his surname, alleging his christian name to be unknown. He was sufficiently identified, and the motion to quash the affidavit was properly overruled.

An objection taken to the judgment below is, that the mayor of the city of *Richmond*, within which it was proved the offence was committed, had exclusive jurisdiction of the subject, before whom the defendant had been sued by said city in an action of debt, under a by-law, and a recovery had for the same offence.

The city of *Richmond* was incorporated by an act approved *February* 24, 1840. Local Laws of 1840, p. 31. The 15th section of that act gives the mayor, in civil and criminal cases, the jurisdiction of a justice of the peace. The 46th section provides for the recovery of a penalty for the violation of any ordinance, by-law, or police regulation, in an action of debt. This act was amended by an act approved *February* 13, 1851, (Local Laws 1851, p. 340,) which declares the sale of spirituous liquors, in any quantity, in said city, except for the necessary uses in the arts and sciences, to be unlawful; and the common council is authorized to carry out the provisions of said act, and to provide for the recovery of a penalty not exceeding 50 dol-

lars for any offence. The second section gives the mayor *exclusive* jurisdiction of all offences committed under said act and the by-laws passed in pursuance thereof, the penalties for which are to be recovered "*in the manner provided in the act of incorporation.*"

The common council passed an ordinance pursuant to the provisions of the above-mentioned act, giving a penalty not exceeding 50 dollars for each offence, to be recovered in the manner prescribed by the charter.

We are now to consider whether the amendment to the charter of the city of *Richmond* defeats the operation of the criminal law of the state upon offences of this class.

The action for the recovery of this penalty was a civil suit, and not a criminal prosecution. *The Common Council of Indianapolis* v. *Fairchild*, 1 Ind. R. 315. In that case, a distinction is clearly drawn between a *penalty* imposed by a city charter, and an ordinance passed under it, to be recovered in an action of debt, and a *fine* for a breach of the criminal law, as defined by the constitution of 1816. This act, which was passed under that constitution, gives a *penalty* for the offence; authorizes the council to pass ordinances to enforce it; gives the mayor exclusive jurisdiction of offences committed under that act and the by-laws passed in pursuance thereof; and provides that he shall proceed for such penalty *in the manner authorized by the act of incorporation;* that is, in an action of debt by the city against the offender. It is to be observed that this act is denominated in the title an amendment of the city charter, which justifies the inference that it was designed merely to authorize a police regulation in reference to the vending of spirituous liquors. The act does not of itself impose any penalty, but authorizes the city authorities to do it. Suppose they had chosen not to do it; is it to be inferred that all the people in that city were at liberty to vend spirits without restraint? The act, indeed, declares that it shall not be done, but that amounts to nothing without a penalty and a means of enforcing it.

By considering this exclusive jurisdiction of the mayor as applying only to offences arising under the ordinances

of the city, and recoverable in a civil action, the subject is relieved of its difficulties, and the criminal law is left to be enforced by its appropriate tribunals.

The proceeding before the mayor was no bar to this prosecution, and the judgment below must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*W. A. Bickle*, for the plaintiff.

*J. Perry*, for the state.