## CITY OF GOSHEN *v.* CROXTON.

PLEADING.—*Mayor's Court.*—*Complaint for Violation of Ordinance.*—An action commenced before the mayor of ·a city incorporated under the general law for the incorporation of cities, to recover a penalty for the violation of a city ordinance, is a civil suit in which an appeal may be taken under the same restrictions as if the action were commenced in a justice's court; and the complaint, if it conform to the requirements of section nineteen of said general law, need not be more technical or full than in a civil suit commenced before a justice of the peace.

APPEAL from the Elkhart Circuit Court.

PETTIT, C. J.—This suit was commenced before the mayor of the city, for the violation of one of its ordinances. Judgment for the city, from which Croxton appealed to the circuit court, where, on his motion, the case was dismissed for want of a sufficient complaint. The correctness of this ruling is the only question for our consideration. The complaint is as follows:

" The City of Goshen *v.* Lafayette J. Croxton. Before U. D. Wilson, Mayor of the City of Goshen. The City of. Goshen complains of Lafayette J. Croxton, and says that on or about the 21st day of January, 1869, at the county and State aforesaid, and within the limits of the city of Goshen, the said defendant did then and there violate section eight of an ordinance of said city, which ordinance was duly passed by the common council of said city, on the 25th day of May, 1868, and duly published according to law, by then and there unlawfully, in a rude, insolent, and angry manner, touching and striking Cyrus Smurr, and then and there at and against said Smurr, unlawfully and purposely, shooting a certain pistol, commonly called a revolver, then and there loaded with gunpowder and leaden ball, which he, the said Croxton, then and there, in his hands, had and held, and then and there wounding, by said leaden ball, the said Cyrus Smurr.

(Signed)                                          CYRUS SMURR.

Subscribed and sworn to before me, this 21st day of January, 1869. U. D. WILSON, Mayor."

The seal of the city was affixed to it. "Wherefore, the said city demands judgment for one hundred dollars and other proper relief. J. D. OSBORN, Att'y for Plaintiff."

In the seventeenth section of the general law for the incorporation of cities, it is provided, that in all actions before the mayor, an appeal may be taken to a court of competent jurisdiction, under the same restrictions and in the same manner as in a justice's court. The same rules of pleading and practice shall be observed in the mayor's court, that are in a justice's court.

The nineteenth section of said act is as follows:

"SEC. 19. All actions brought to recover any penalty or forfeiture incurred under this act, or ordinances made in pursuance thereof, shall be brought in the corporate name of such city. The process in every such action shall be a warrant, and the person named in such warrant shall be arrested and retained in custody or under reasonable recognizance, until the next sitting of the city court, and it shall not be necessary to file with the affidavit or complaint a copy of the ordinance, or section thereof, charged to have been violated, but it shall be sufficient to recite in the affidavit or complaint the number of the section charged to have been violated, with the date of its adoption; nor shall it be necessary to copy any part of the affidavit, complaint, or other pleadings in the record of the cause: *Provided*, That the mayor shall note upon his docket the parties to the action, the title to the cause, the filing of the complaint or affidavit, the issuing and return of process, and the judgment and proceedings had in the cause, and the satisfaction of judgment when paid."

A suit before the mayor to recover a penalty for the violation of a city ordinance, though a warrant for the arrest of the defendant may be issued and served, is a civil suit, and the rules of practice in civil suits apply and are to be observed on the trial. This complaint certainly is as technical

and full as could be required in a civil suit before a justice of the peace; and we think it would be a good affidavit in a criminal case, and that it contains all the substantial requisites of an information or indictment, to put a party on trial in a superior court. "The section violated and the date of the adoption of the ordinance" are recited in the complaint, and this is all that is necessary to make it good by the nineteenth section of the law above referred to.

The court erred in sustaining the motion to dismiss, and for this error the judgment must be reversed.

The judgment is reversed, at the costs of the appellee; cause remanded, &c.

*J. D. Osborn*, for appellant.

*J. H. Baker* and *J. A. S. Mitchell*, for appellee.