## THE CITY OF GREENSBURGH *v.* CORWIN.

CITY.—*Ordinance Prohibiting Houses of Ill Fame.—Action for Violation.—Pleading.*—In an action by a city, for a violation of an ordinance of the city prohibiting, and prescribing a penalty for, the keeping of a "house of ill fame in said city, by keeping therein any person or persons for the purpose of prostitution," etc., the complaint alleged, that the defend-

ant, on, etc., did "keep a house of ill fame and prostitution, within said city," etc.

*Held*, on demurrer, that the complaint sufficiently describes the offence.

*Held*, also, that the action is a civil, and not a criminal, action, and is authorized by section 19, 1 R. S. 1876, p. 273.

From the Decatur Circuit Court.

*C. Shane*, for appellant.

*J. S. Scobey*, for appellee.

BIDDLE, C. J.—Complaint by appellant, against appellee, as follows:

"The city of Greensburgh complains of said defendant, late of said city, and says, that said defendant, on the 9th day of September, 1875, at the city and county aforesaid, did then and there violate section 3 of an ordinance of said city, passed by the common council thereof, on the 21st day of May, 1868, viz.:

"'Section 3 Any person who shall keep any brothel or house of ill fame in said city, by keeping therein any person or persons for the purpose of prostitution, or shall suffer any such to resort thereto for that purpose, any such person so offending shall, on conviction thereof, be fined in any sum not less than one nor more than fifty dollars."

"That said Susan Corwin did, on said day, and on divers other days prior thereto, keep a house of ill fame and prostitution within said city of Greensburgh, Decatur county, State of Indiana. Wherefore the plaintiff demands judgment for fifty dollars.'

The complaint is verified by affidavit.

The suit was commenced before the mayor of the city of Greensburgh, and found its way, by appeal, into the circuit court, wherein the appellee filed a demurrer to the complaint, alleging as ground the insufficiency of the facts therein stated to constitute a cause of action, which demurrer was sustained by the court, and a judgment for costs rendered against the appellant, to which ruling upon the demurrer the appellant excepted, and from

which judgment this appeal is taken. Sustaining the demurrer presents the only question in the case.

The appellee insists, that the complaint is insufficient because it does not sufficiently describe the offence under the ordinance. We think it does. This is a civil action, brought under section 19, 1 R. S. 1876, p. 273, in the name of The City of Greensburgh, to recover a penalty. It is not a criminal action, brought in the name of The State of Indiana, to punish the appellee. Cases of this kind are governed by the rules of practice in a justice's court. See section 17 of the act above cited. It is therefore sufficient. *Green* v. *The City of Indianapolis*, 25 Ind. 490; *City of Goshen* v. *Croxton*, 34 Ind. 239.

The judgment is reversed, at the costs of the appellee, and the cause remanded, with instructions to overrule the demurrer to the complaint.