The Town of Brookville *v.* Gagle.

---

7777.

THE TOWN OF BROOKVILLE *v.* GAGLE.

TOWN.—*Ordinance.—Violation of.—Complaint.*—A complaint to recover the penalty for a violation of a town ordinance is sufficient, where it contains averments of the proper enactment of such ordinance, the violation of its provisions by the defendant, and the acts constituting such violation.

SAME.—*Civil Action.—Common Law.*—Actions to recover penalties for the violation of ordinances of municipal corporations are civil actions. At common law penalties for the breach of by-laws were recoverable either in debt or assumpsit.

SAME.—*Circuit Courts.—Jurisdiction.*—Circuit courts have jurisdiction of actions for the recovery of a penalty for the violation of a town ordinance.

From the Franklin Circuit Court.

*J. F. McKee* and *D. W. McKee,* for appellant.

*W. H. Bracken,* for appellee.

ELLIOTT, J.—This appeal presents the question of the sufficiency of the complaint filed by the appellant against the appellee.

The allegations of the complaint are, in substance, as follows: Appellant is an incorporated town. Its board of trustees adopted an ordinance requiring licenses from all persons exhibiting shows of any kind. The ordinance, omitting title, is as follows:

"SECTION 1. Be it ordained by the president and board of trustees of the town of Brookville, Indiana, that any person or persons, before exhibiting for pay within the corporate limits of said town of Brookville, Indiana, any caravan, menagerie, circus, rope or wire dancing, legerdemain or puppet show, or show of any kind, shall pay to the marshal for the use of said town the sum of ten dollars for each day of such exhibition.

"SEC. 2. Any person or persons, violating the provisions of this ordinance, shall, upon conviction, be fined in any sum not exceeding ten dollars."

The appellee was the owner of a "show," which he exhibited for pay within the corporate limits of said town; that he failed and refused to pay the license required by the town ordinance, and that he did exhibit such show for pay without having paid any license fee whatever.

The complaint contains all the averments necessary to create a cause of action upon the ordinance declared on. The proper enactment of the ordinance, the violation of its provisions by the appellee, and the acts constituting the violation, are all fully pleaded. Actions for the recovery of penalties for the violations of ordinances of municipal corporations are civil actions. *The City of Greensburgh* v. *Corwin*, 58 Ind. 518; *The City of Goshen* v. *Croxton*, 34 Ind. 239. At common law, penalties for the breach of by-laws were recoverable either in debt or assumpsit. 1 Dill. Munic. Corp., sec. 342. All the elements of a good cause of action

The Town of Brookville *v.* Gagle.

are stated in the complaint of appellant, and it was, therefore, error to sustain the demurrer of appellee.

We are without any brief from appellee, and are not informed as to the grounds upon which the court below rested its ruling. We gather from appellant's argument, that one ground was, that the penalty for each day's violation was recoverable in a separate action. If this were true, a point we need not, and do not, decide, it would not support the ruling, for the complaint was certainly good as to one day's offence, at least.

The only doubt which can be plausibly suggested upon any question in this case is as to the jurisdiction of the circuit court. Section 57 of the general act for the incorporation of towns provides that "Any person violating the provisions of any ordinance of a town organized under this act, to which there may be a penalty affixed, may be prosecuted before a justice of the peace of such town, upon a warrant issued by such justice." If the question were an open one, it might well be held that this section conferred exclusive jurisdiction upon justices of the peace, but the question was closed by the decision in *Redden* v. *The Town of Covington*, 29 Ind. 118. It was there said: "It is conjectured that the objection to the jurisdiction is based upon the 57th section of the act for the incorporation of towns, by which it is enacted that suits for the violation of ordinances 'may be prosecuted before a justice of the peace of such town.' 1 G. & H. 631. This language, however, does not exclude the jurisdiction of the circuit court, a tribunal which, by another act, is vested with exclusive jurisdiction of certain cases, and with concurrent jurisdiction in all other civil actions, 'except as otherwise provided by law.'"

Judgment reversed, at costs of appellee.