Filed March 14, 1891.

No. 14,908.

THE CITY OF HAMMOND *v.* THE NEW YORK, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

APPELLATE COURT.—*Jurisdiction.*—*Action by Municipal Corporation to Recover Penalty for Violation of City Ordinance.*—In an action by a municipal corporation to recover a penalty for the violation of a city ordinance, where the validity of the ordinance is not involved, the Appellate Court has jurisdiction of an appeal from a judgment against the corporation.

SAME.—*One of the Judges of Counsel.*—The fact that one of the judges of the Appellate Court was of counsel does not deprive that court of jurisdiction.

From the Porter Circuit Court.

*S. Griffin* and *E. D. Crumpacker*, for appellants.

*R. C. Bell* and *S. R. Morris*, for appellee.

ELLIOTT, J.—This is an appeal from a judgment against a municipal corporation, rendered in an action wherein the corporation sought to recover a penalty for the violation of one of its ordinances.

No question as to the power of the municipality to enact

the ordinance is directly or indirectly presented. The only question presented is whether the facts stated in the special finding entitle the appellant to recover the penalty. In our opinion the jurisdiction of the case is in the Appellate Court. The case was decided upon the theory that the facts did not show a violation of the ordinance, and hence the case is not different in principle from one in which a recovery is denied, because the facts do not show a violation of a statute. The relief sought is the recovery of money only, and the remedy is, as it has often been held, a civil action. *Bogart* v. *City of New Albany*, 1 Ind. 38; *Common Council, etc.*, v. *Fairchild*, 1 Ind. 315; *Levy* v. *State*, 6 Ind. 281; *City of Goshen* v. *Croxton*, 34 Ind. 239; *City of Greensburgh* v. *Corwin*, 58 Ind. 518; *Town of Brookville* v. *Gagle*, 73 Ind. 117; *Hardenbrook* v. *Town of Ligonier*, 95 Ind. 70.

As we have recently decided, actions for the recovery of money, with all their inseparable incidents, are within the jurisdiction of the Appellate Court except where the validity of a statute is involved. *Ex parte Sweeney, ante,* p. 583; *Parker* v. *Indianapolis Nat'l Bank, ante,* p. 595; *Baker* v. *Groves, ante,* p. 593.

If the validity of the ordinance had been so challenged as to present a question of the power of the municipal council to enact it, the jurisdiction would be in this court. The reason for this conclusion, briefly stated, is this : A municipal corporation exercises legislative power in enacting ordinances, and its ordinances are, in effect, local statutes. *Citizens' Gas, etc., Co.,* v. *Town of Elwood,* 114 Ind. 332, and cases cited; *Pennsylvania Co.* v. *Stegemeier,* 118 Ind. 305, and cases cited.

The fact that one of the judges of the Appellate Court was of counsel in the case does not deprive that court of jurisdiction. The disqualification of one member leaves four qualified and disinterested judges, and it is only in the event that they should so divide as to cause a tie that this court can assume jurisdiction of a case belonging to a class over which the Appellate Court is given authority. Sections 19

and 21 of the act of February 28th, 1891, must be construed together, and, when thus construed, it results that where four judges remain competent, that court retains jurisdiction. Any other conclusion would involve the implication that the Legislature intended to make the disqualification of one judge the disqualification of all, and this is a conclusion, which, for obvious reasons, should be avoided. The reference in sections 19 to section 21 as fully incorporates the latter section in the section making the reference as if that section had been written in at full length, and it must, therefore, be deemed an essential part of it.

The clerk will transfer this case to the docket of the Appellate Court.