Filed Feb. 18, 1892.

---

No. 593.

THE STATE, FOR USE OF SCHOOL CORPORATION OF THE CITY OF LEBANON, *v.* WILLS.

JUSTICE OF PEACE.—*Appeal to Appellate Court.—Amount in Controversy.— When Appeal Dismissed on Motion.—Printed Rules of School Board.—Not an Ordinance.*—No appeal lies from a judgment in a cause originating before a justice of the peace if the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars, unless such appeal involves the validity (not the construction) of an ordinance passed by a city or town. The printed rules or orders of a school do not amount to an ordinance. The appeal may be dismissed, on motion, when the want of jurisdiction appears on the face of the record.

From the Boone Circuit Court.

*J. W. Wiley* and *T. J. Cason*, for appellant.

*T. J. Terhune* and *B. S. Higgins*, for appellee.

REINHARD, J.—The appellee, upon notice to the appellant, has filed a motion to dismiss the appeal for the following reasons, viz.:

"Because this court has no jurisdiction of said appeal; that said cause was commenced before a justice of the peace, and that the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars, and that in said cause there is no question involving the validity of any ordinance passed by any incorporated town or city."

The State, for Use of School Corporation of The City of Lebanon, *v.* Wills.

It appears from the record that the action was commenced by the school board of the city of Lebanon, before a justice of the peace, and was for tuition alleged to be due said school corporation from the appellee, who resided outside the corporate limits of the city, and who, according to the printed rules of said school board, was claimed to be liable to pay tuition, and the amount alleged to be due from him was $32, for which amount judgment was asked in the complaint. There was a recovery before the justice, an appeal to the circuit court, where a demurrer was sustained to the complaint, and from this decision the plaintiff below appeals.

We are of the opinion that the motion to dismiss must be sustained. The contention of appellant's counsel that the printed rules or orders of the school board amount to an ordinance can not prevail. Such rules or orders in no sense rise to the dignity of an ordinance passed by an "incorporated town or city;" and, if they did, that still would not give jurisdiction, because it is only a *construction* of the same which is here involved, while it must be the "*validity*" of the ordinance that is called in question by the appeal.

No appeal lies from a judgment in a cause originating before a justice of the peace if the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars, unless such appeal involves the validity of an ordinance passed by a city or a town. Section 632, R. S. 1881. It has been repeatedly decided by the Supreme Court that the appeal may be dismissed, on motion, where the want of jurisdiction appears on the face of the record. *Louisville, etc., R. W. Co.* v. *Jackson,* 64 Ind. 398; *Painter* v. *Guirl,* 71 Ind. 240; *Wagner* v. *Kastner,* 79 Ind. 162.

The appeal is dismissed for want of jurisdiction.

Filed Feb. 19, 1892.