Ridge *v.* The City of Crawfordsville.

Filed April 26, 1892.

---

No. 525.

### RIDGE *v.* THE CITY OF CRAWFORDSVILLE.

MUNICIPAL CORPORATIONS.—*Actions for Violations of Ordinances.*—An action to recover a penalty for the violation of a municipal ordinance is a civil action, and is controlled by the rules of the civil practice.

APPEAL.—*Less than $50 in Controversy.*—*Validity of Municipal Ordinance.*— In an action by a city, commenced before its mayor, to recover a penalty for the violation of its ordinance, where the defendant appeals from a judgment of less than fifty dollars, and does not controvert the validity of such ordinance, the Appellate (or Supreme) Court has no jurisdiction of the case, and will dismiss the appeal.

VOL. 4.—33

Ridge v. The City of Crawfordsville.

SAME.—*Jurisdiction Conferred by Consent.—Power of Court to Pass on Right of Appeal.*—Parties to an appeal can not by consent confer jurisdiction on the court to which the appeal is taken ; but, notwithstanding the lack of jurisdiction, such court has the power to decide the right of appeal, and announce authoritative adjudications with reference thereto.

From the Montgomery Circuit Court.

*J. R. Courtney,* for appellant.

*W. T. Brush,* for appellee.

CRUMPACKER, J.—This action was brought by the city of Crawfordsville against Gifford Ridge, to recover a penalty for the alleged unlawful sale of intoxicating liquor, within said city, without a license, in violation of certain sections of an ordinance duly passed and adopted by the common council.

The action was commenced before the mayor, who gave judgment in favor of the plaintiff for fifteen dollars and costs. The defendant appealed to the circuit court, where the cause was tried by the court without a jury, and resulted in a judgment in favor of the plaintiff for ten dollars and costs. From such judgment the defendant prosecutes this appeal.

The first question confronting us for decision relates to the jurisdiction of this court over the subject-matter of the appeal.

Section 632, R. S. 1881, provides for appeals to the Supreme and Appellate Courts from all final judgments of circuit and superior courts, except in cases originating before a mayor or justice of the peace, where the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars.

This exception does not include actions in which the validity of a municipal ordinance is involved.

Suits to recover penalties for the violation of municipal ordinances are civil actions, and are controlled by the rules of the civil practice. *City of Greensburgh* v. *Corwin,* 58 Ind.

518; *Green* v. *City of Indianapolis*, 25 Ind. 490; *Common Council* v. *Fairchild*, 1 Ind. 315.

It has been repeatedly held by the Supreme Court, that the exception contained in section 632, *supra*, includes actions for the recovery of penalties for the violation of local ordinances, originating before a mayor or justice of the peace, where the amount in controversy does not exceed fifty dollars, unless the validity of an ordinance is involved in the judgment. *Bosworth* v. *Wayne Pike Co.*, 101 Ind. 175; *Cowley* v. *Town of Rushville*, 60 Ind. 327; *Dailey* v. *City of Indianapolis*, 53 Ind. 483; *Quigley* v. *City of Aurora*, 50 Ind. 28; *Bogart* v. *City of New Albany*, 1 Ind. 38.

In the case before us the amount is less than fifty dollars, and no question is even suggested respecting the validity of an ordinance.

No question has been raised by either party respecting our jurisdiction, but the power to decide appeals and announce authoritative adjudications is granted by law, and can not be conferred by the consent or agreement of parties. We are not inclined to occupy time in passing upon the merits of a controversy in which our judgment would be utterly void of authority when pronounced.

The appeal is dismissed, at appellant's costs.

Filed April 28, 1892.