Filed June 6, 1894.

---

No. 1,320.

## GRIFFEE v. TOWN OF SUMMITVILLE.

APPEAL.—*Cause Originating Before a Justice of the Peace.—Amount in Controversy.*—An appeal can not be prosecuted from a cause originating before a justice of the peace, on a penalty prescribed by city ordinance, where the amount in controversy, exclusive of interest and costs, is less than fifty dollars, where the validity of the ordinance is not in question.

ORDINANCE.—*Of City.—When Validity not in Question.—Action.*—An action to recover the penalty prescribed for the violation of a city ordinance does not necessarily call in question the validity of the ordinance.

From the Madison Circuit Court.

*W. H. Soale, E. B. Goodykoontz, C. Nation* and *G. M. Ballard,* for appellant.

DAVIS, C. J.—This action was instituted by appellee against appellant, before a justice of the peace, to recover the penalty prescribed for the violation of an ordinance of said town.    Judgment was there rendered against appellant for two dollars, the amount of the penalty specified in the ordinance, for the offense charged, from which he appealed to the circuit court, where, on trial by a jury, verdict was returned against him for two dollars,

on which judgment was pronounced, from which appellant attempted to prosecute this appeal. No question involving the validity of the ordinance has been raised. The only questions sought to be presented in this court relate to the sufficiency of the complaint and to the evidence. It is insisted that the evidence does not sustain the verdict.

This is a civil action. The amount in controversy is less than fifty dollars, and there is no appeal. *City of Greensburgh* v. *Corwin*, 58 Ind. 518; R. S. 1894, sections 644 and 1336; *Bosworth* v. *Wayne Pike Co.*, 101 Ind. 175; *Dailey* v. *City of Indianapolis*, 53 Ind. 483; *Hardenbrook* v. *Town of Ligonier*, 95 Ind. 70.

The appeal is, therefore, dismissed.

Filed April 27, 1894.

## ON PETITION FOR A REHEARING.

DAVIS, J.—It is urged that a rehearing should be granted on the ground that the validity of the ordinance is involved. If this is true the appeal should not be dismissed. Section 644, R. S. 1894.

Moreover, if the validity of the ordinance is in question, this court has no jurisdiction of the case. Section 1336, R. S. 1894.

The transcript was filed in the Supreme Court on the 26th of August, 1892. Afterwards, in April, 1894, the clerk of the Supreme Court, in pursuance of the directions of that court, transferred the case to the docket of this court.

The Supreme Court was evidently of the opinion that the validity of the ordinance was not presented by the record. *Benson, Admr.,* v. *Christian,* 129 Ind. 535; *Ex parte Sweeney,* 126 Ind. 583.

It was not necessary to aver in the complaint, that the ordinance was passed by a vote when the ayes and nays

were taken, or that the ordinance has been published, as required by statute. *Wagner* v. *Town of Garrett,* 118 Ind. 114; *Hardenbrook* v. *Town of Ligonier,* 95 Ind. 70.

It is not claimed that the town exceeded its power in adopting the ordinance, or that any essential requirement was not complied with in enacting the ordinance.

The substance of the contention is that an action to recover the penalty therein prescribed for the violation of the ordinance necessarily calls in question the validity of the ordinance. This position is not tenable.

The assertion in the brief, that the validity of the ordinance is involved, does not, under the authorities cited, *supra,* rest on any substantial foundation, and the question, as it is sought to be presented, is not fairly debatable. In fact, in this case, as we understand the record, neither the validity nor the construction of the ordinance is involved. *State, for Use,* v. *Wills,* 4 Ind. App. 38.

An examination of the record convinces us that the only real question involved in this appeal is the guilt or innocence of the accused of the violation of the provisions of the ordinance.

The petition for rehearing is overruled.

Filed June 21, 1894.