### JERZAKOWSKI v. CITY OF SOUTH BEND.

[No. 12,009. Filed November 12, 1924.]

1. APPEAL.—*Right of appeal statutory.*—The right of appeal is wholly statutory, except where expressly secured by Constitution. p. 133.

2. MUNICIPAL CORPORATIONS.—*Action for penalty, for violation of ordinance is civil action.*—An action by a city for recovery of a penalty, for the violation of a municipal ordinance is a civil action, controlled by the civil practice. p. 133.

3. APPEAL.—*Not allowed from judgment not exceeding $50 for violation of city ordinance.*—An action by a city for recovery of a penalty for the violation of a municipal ordinance, the amount in controversy, exclusive of costs and interest, not exceeding $50, and no question of personal liberty being involved, is not appealable under the statute (§1391 Burns 1914, Acts 1901 p. 585). p. 134.

From St. Joseph Superior Court; *Lenn J. Oare,* Judge.

Action by the City of South Bend against Casimier Jerzakowski to recover penalty for violation of city ordinance. From judgment for plaintiff, the defendant appeals. *Dismissed.*

*Joseph V. Wypiszynski* and *Walter R. Arnold,* for appellant.

*Hammond & Omacht,* for appellee.

BATMAN, J.—This is an action by appellee against appellant to recover a penalty for the violation of a municipal ordinance, in which a judgment was rendered

in the city court for the sum of $50. Appellant appealed to the superior court but that court refused to assume jurisdiction, and, on motion of appellee, dismissed the appeal. Judgment was rendered against appellant for costs, and this appeal followed. The first question to be determined is one of jurisdiction. It is well settled that the right of appeal is wholly

1. statutory, except where expressly secured by the Constitution. *Hall* v. *Kincaid* (1917), 64 Ind. App. 103. The legislature has provided that appeals may be taken by either party from circuit and superior courts to the Supreme or Appellate Court, from all final judgments, with certain specified exceptions, among which we find the following: "No appeal shall hereafter be taken to the supreme or appellate court in any civil case where the amount in the controversy, exclusive of interest and costs, does not exceed $50, except as provided in section 8 of this act." §1389 Burns 1914, Acts 1903 p. 280.

The action in the instant case has for its object the recovery of a penalty for the violation of a municipal ordinance, and hence is a civil case, controlled

2. by the civil practice. *Ridge* v. *City of Crawfordsville* (1892), 4 Ind. App. 513; *City of Hammond* v. *New York, etc., R. Co.* (1892), 5 Ind. App. 526; *Griffee* v. *Town of Summitville* (1894), 10 Ind. App. 332; *City of Greensburg* v. *Cleveland, etc., R. Co.* (1899), 23 Ind. App. 141; *Smith* v. *City of New Albany* (1910), 175 Ind. 279. By this appeal, appellant is seeking a reversal of a judgment of the superior court, in order that it may be required to assume jurisdiction of this action, and thereby be relieved from the payment of a judgment of the city court, through a trial of the same on appeal. As the judgment of the city court is not based on a demand which was, or could have been reduced by set-off or counter-claim, it is ap-

134   APPELLATE COURT OF INDIANA,

Terre Haute, etc., Traction Co. v. McDermott—82 Ind. App. 134.

parent that the amount in controversy, exclusive of interest and costs, does not exceed $50. *Schultz* v. *Alter* (1915), 60 Ind. App. 245. None of the questions enumerated in said §8, being §1391 Burns 1914, Acts 1901 p. 585, are involved in this appeal.

No question involving appellant's personal liberty is presented, since the imprisonment, which might follow a failure to pay or replevy the judgment in question, would merely serve as a means of coercing the payment of the same. 8 R. C. L. 53; *Quigley* v. *City of Aurora* (1875), 50 Ind. 28; *Town of North Manchester* v. *Oustal* (1892), 132 Ind. 8. It thus appears that the only matter involved in this appeal is a money judgment of $50 and attending interest and costs, from which appellant may be fully relieved by payment thereof. For the reasons stated our right to assume jurisdiction of this appeal is clearly barred by the provisions of said §1389 Burns 1914, *supra.*

Appeal dismissed.