## PRICE ET AL. *v.* REED ET AL.

[No. 17,169. Filed November 4, 1943. Rehearing Denied December 2, 1943. Transfer denied December 20, 1943.]

254

*Tremain, Woodfill & Goddard,* of Greensburg, and *O. B. Hanger* and *Connor D. Ross,* both of Indianapolis, for appellants.

*White, Wright & Boleman, James V. Donadio, George P. Ryan, B. L. Eltzroth,* and *Ross, McCord, Ice & Miller,* all of Indianapolis, for appellees.

DRAPER, J.—This appeal is from an award of the full Industrial Board. To the appellants' application for compensation the appellees addressed their special answer, alleging that the death of appellants' decedent was due to his commission of a misdemeanor, in that he violated a statute of this state which requires any person operating a vehicle who approaches a railroad crossing at grade, to stop when certain signals are warning of the approach of a train, and not proceed until he can do so safely. (§ 47-2114, Burns' 1940 Replacement). The board found that the proximate cause of the accidental injury causing the death of appellants' decedent was due to his commission of the misdemeanor and denied compensation.

The deceased at the time of his death was driving a tractor and trailer outfit along a public highway intersected by railroad tracks. An engine and train of cars was approaching with whistle blowing, bell ringing and automatic electric flasher signals operating at the intersection. The deceased failed to stop and the collision which caused his death resulted.

The appellants first contend that the board had no right to determine whether the deceased had committed

a misdemeanor, the determination of that question being exclusively within the province of courts having criminal jurisdiction, and then only to be determined within the limits of constitutional and statutory provisions intended to safeguard the rights of one accused of crime. However, it is our opinion that the action of the board in hearing evidence under the special answer and determining the issue raised thereon was not violative of the constitutional provisions relied upon. Sections 13 and 19 of Article 1 of the Constitution of Indiana apply only to criminal prosecutions. The sixth amendment to the Constitution of the United States applies only to criminal prosecutions and regulates only procedure in the federal courts, *Ensign* v. *Pennsylvania* (1912), 227 U. S. 592, 57 L. Ed. 658, 33 S. Ct. 321; *Gaines* v. *Washington* (1927), 277 U. S. 81, 72 L. Ed. 793, 48 S. Ct. 468, and our Supreme Court has held that our compensation law does not violate Section 12 of Article One of the Constitution of Indiana. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399.

Section 40-1208, Burns' 1940 Replacement provides that "No compensation shall be allowed for an injury or death due to the employee's . . . commission of a felony or misdemeanor." It was within the province of the board to determine the issue presented by the special answer, *Traub et al.* v. *Hance et al.* (1939), 107 Ind. App. 134, 23 N. E. (2d) 293, and it was not necessary that the charge of crime be proven beyond a reasonable doubt, a preponderance of the evidence being sufficient regardless of the fact that the matter in issue may involve the imputation of a crime. *Barger* v. *Barger, et al.* (1943), 221 Ind. 530, 48 N. E. (2d) 813. When the commission of a mis-

demeanor is the proximate cause of a collision in which an employee is injured or killed, compensation must, under the statute, be denied. The question, when the facts are undisputed, and of such a character that but a single inference can be drawn therefrom by any fair and reasonable mind is one of law for the court, otherwise one of fact. *Anti-Mite Engineering Co.* v. *Peerman* (1943), 113 Ind. App. 280, 46 N. E. (2d) 262.

The uncontradicted evidence shows that the deceased parked his outfit at about three in the morning of the day of his death, about five blocks from the scene of the accident. He slept until five when he was awakened at his request by a lunch counter attendant, put on his shoes, talked a few minutes and drove away. It was about daybreak of a clear day. A block from the intersection of street and tracks the deceased guided the outfit around a corner onto the street intersected and proceeded at fifteen to twenty miles per hour onto the tracks regardless of whistle, bell or flasher signals, without turning the outfit in either direction and apparently without the application of brakes in any effort to avoid the collision.

The appellants insist that the deceased could not be guilty of a violation of the statute in question in the absence of criminal or guilty intent. In our opinion, the offense created by the statute belongs to that class in which guilty intent is immaterial. The act itself is forbidden, without regard to intent or knowledge, and in such cases it is the act itself and not the intent, that determines the guilt. *Groff* v. *The State of Indiana* (1909), 171 Ind. 547, 85 N. E. 769; *Hamilton* v. *The State* (1899), 22 Ind. App. 479, 52 N. E. 419. In such cases the only intent necessary to the commission of the offense is the intent to do the prohibited thing. *Knight & Jillson Company et al.*

v. *Miller* (1909), 172 Ind. 27, 87 N. E. 823. The general rule is that, where a specific intent is not an element of the crime itself, proof of the commission of the unlawful act will raise a rebuttable presumption that the act was done with criminal intention. 22 C. J. S., p. 92, § 34. The question of the intent with which an act is done is a question of fact to be determined by factfinders from all the evidence introduced on the trial. Even in criminal prosecutions for offenses in which criminal intent is an element, it may be inferred from circumstances which legitimately permit it, *Bleiweiss* v. *State of Indiana* (1919), 188 Ind. 184, 119 N. E. 375, 122 N. E. 577, and the same must be true in cases where criminal intent is not an element of the offense. Such circumstances are to be found in this case, and it therefore seems apparent to us that the conclusion reached by the board did not rest purely on presumption, as claimed, but rested upon facts proven and inferences which could legitimately be drawn therefrom. The appellants assert that the collision might have been caused by the deceased being overcome by gas fumes, losing consciousness, collapsing from exhaustion or by faulty brakes or steering apparatus, thus excluding the element of intention to do the act; but to reach a different conclusion the board was entitled to take into consideration the fact that the deceased had stopped the vehicle but a short distance from the scene of the accident without apparent difficulty, had turned the corner but a block away, had guided it a block at a uniform speed and into the engine without turning or veering to right or left and without, so far as the evidence shows, any attempt to alight or escape from the vehicle if the brakes or steering mechanism had in fact failed in the last block. It is indeed regrettable that the deceased was not and could not be present at the trial

to speak in his own behalf, but neither that fact nor the fact that he had not been and could not be charged, tried and convicted or acquitted of the offense, can deprive the appellee of its defense or the board of its right to determine the issue.

It is contended that the finding of the board is insufficient in that it fails to negative every possible hypothesis consistent with innocence and every possible circumstance that would tend to show that the act of the deceased was not the proximate cause of the injuries causing his death. A failure of the board to find on an issue tendered by a special answer is equivalent to a finding against the pleader on the issues so presented, *Traub et al.* v. *Hance et al. supra,* but the finding in this case is a full and complete finding for the appellees on their special answer. The failure of the board to find the negative of all facts which within the realm of conjecture might have excused the deceased's conduct does not, in our opinion, render the finding defective.

As contended by the appellant, in a case by the railway company against him the conduct of the deceased might be considered to have been negligent conduct only. In this case it was found to have constituted the commission of a misdemeanor, and there having been substantial evidence to sustain the finding of the board, we are not at liberty to disturb it.

Award affirmed.

NOTE.—Reported in 51 N. E. (2d) 86.