GRAMAR INVESTMENT COMPANY, INC. *v.*
CUMBERWORTH ET AL.

[No. 18,002.   Filed June 9, 1950.]

380

*Paul V. Wycoff*, of Batesville, for appellant.

*Amos W. Jackson*, of Versailles, and *John G. McNutt*, of Indianapolis, for appellees.

DRAPER, J.—The appellees Cumberworth and Cumberworth were indebted to the Holton State Bank in the sum of $3,797.50 on a note secured by mortgage on their farm. The bank was in failing circumstances, and it induced the appellees to apply to the Federal Land Bank for a loan. To enable the appellees to obtain such a loan, the bank agreed to accept the sum of $2,719.85 in full settlement of its claim, and it stipulated that no other note, mortgage, or other considera-

tion would be received from the debtor other than the consideration paid by the Federal Land Bank and/or the Land Bank Commissioner, and that when said consideration was paid all claims of the creditor against the debtor would have been satisfied in full. In due course the bank received and accepted the proceeds of the loan in the sum of $2,719.85.

Several months later the bank officials requested the appellees to execute a new note and mortgage to represent the difference between the amount it had received and the amount of appellees' original mortgage indebtedness. The bank had lost an abstract belonging to appellees and the cashier said they would "call it square" for a new note and mortgage in the sum of $800.

The new note and mortgage for $800 were accordingly signed by appellees and delivered to the bank. The appellant, as assignee of the paper after maturity, brought this suit on the note and to foreclose the mortgage. Judgment for appellees and this appeal followed.

It has been held without exception that the paper sued upon was unenforceable if it represented the difference, or part of the difference, between the total debt and the amount received under the loan. See 147 A. L. R., p. 745, and cases there cited. The appellant in fact concedes that to be the law.

But he argues that the appellees admitted there was consideration for the note, because one of the appellees testified they "owed" the bank a little more than $800 when the new note and mortgage were executed; hence the court was bound, on the strength of that testimony, to find consideration for the note. He also suggests that the $800 represented the liquidation of other obligations of the appellees to the bank, which had nothing to do with the mortgage indebtedness.

It is true, as a general statement of the law, that a party is bound by testimony given by himself which is favorable to his adversary, unless such testimony is later withdrawn, explained or modified. 20 Am. Jur., Evidence, § 1181. But here it seems to us that when the appellee testified he "owed" the bank a little more than $800, he was referring, not to that amount as a legal obligation, but to that amount as representing the difference in dollars between the original mortgage debt and the amount the bank had received. The trial court could well have so interpreted it, and we are not at liberty to draw a different inference.

If the appellee's testimony be otherwise regarded, it is noteworthy that his statement that they owed the bank a little more than $800 at the time of the execution of the new note and mortgage was a conclusion of law. 32 C. J. S., Evidence, § 453. He was not testifying as a legal expert. His other testimony detailed the only facts upon which the conclusion could be based. His opinion based upon those facts was manifestly erroneous and contrary to well established principles of law. It was, therefore, without evidentiary value and was properly disregarded. 20 Am. Jur., Evidence, § 1183.

As to the contention that the $800 note might have represented some other indebtedness of the appellees, the evidence is so overwhelming that the note was given for the sole purpose of satisfying the difference between the total mortgage debt and the amount received by the bank, that we would not be justified in detailing it. It is, in fact, uncontradicted.

Judgment affirmed.

NOTE.—Reported in 92 N. E. 2d 736.