STATE EX REL. TOWN OF LOWELL v. MEREDITH.

[No. 30,701. Filed March 31, 1966.]

274

*Charles E. VanNada* and *Victor J. Roberts,* of Lowell, for appellant.

*Straley Thorpe,* of Hammond, for appellee.

RAKESTRAW, J.—On May 10, 1961, the Lowell police chief filed an affidavit against the appellee charging him with violation of the Lowell parking ordinance No. 3-1950. The affidavit was filed before Acting Justice of the Peace, Elmer E. Pace, and was in the general form of a criminal affidavit. A warrant was issued for the arrest of the appellee, and on May 11, 1961, the appellee entered a plea of guilty and was fined $5.00 and costs by the Justice of the Peace. On May 22, 1961, the appellee through his attorney filed a motion for a new trial. On May 24, 1961, the appellant requested that the cause be sent to the Circuit Court of Lake County on Appeal. The case was taken from the Lake Circuit Court to the Jasper Circuit Court on a change of venue, and the appellee filed an answer

setting forth that the ordinance was void because it had not been published by at least two publications one week apart as provided by law, and because the penal section of said ordinance was beyond the powers of the town to promulgate and enforce. The case was ultimately submitted to the court on a stipulation of facts, which stipulations specified that the ordinance had been published on Thursday, October 19, 1950, in the Lowell Tribune, and that this insertion is the only insertion in any newspaper made for the purpose of procuring a publication of the ordinance.

The trial court entered a judgment for the appellee on the ground that the purported ordinance of the town of Lowell was void.

The appellant first contends that the appellee did not timely take his appeal from the Justice of the Peace. It argues that the action in the Justice of the Peace Court was criminal in nature, and that an appeal from a criminal conviction in the Justice of the Peace Court was required to be taken within 10 days of the time it was entered, and that an appeal from an action of this nature should have been taken to the Lake Criminal Court instead of the Lake Circuit Court, as was done in this case. The appellant urges that the town was authorized to exact "fines" and that "fines" are criminal penalties to be imposed. It urges that the legislature may delegate to municipalities the power to enforce their ordinances by punishment, though it readily admits that there are no Indiana cases on this point.

In Indiana it has been uniformly held that actions to recover penalties for the violation of city ordinances are civil in nature. Ewbanks Indiana Criminal Law, Symmes Ed., Ch. 1, § 1, page 1, reads as follows:

"Violations of municipal ordinances bear a close resemblance to crimes, but penalties in such cases are recovered in civil suits brought in the name of the city or town in which the offense was committed, and the proceedings are governed by the rules of civil procedure."

See also West's Indiana Law Encyclopedia, Vol. 21, Municipal. Corporations, § 353-355.

While there has been some confusion following a prison sentence for the violation of a city ordinance, it has long been unquestioned that the action to enforce a monetary penalty only is a civil action. See *Biedinger* v. *City of East Chicago* (1958), 129 Ind. App. 42, 154 N. E. 2d 58, together with the many cases cited in the opinion.

> This action was a civil action, and the appeal was taken to the proper court within the proper time as provided by the rules of civil procedure.

Since the appeal was properly taken, the next question to be decided is the validity of the Town Ordinance involved.

The Acts of 1905, ch. 129, § 31, p. 219, Burns' Ind. Stat. Anno. § 48-301 (1963 Repl.), provides in part as follows:

> "The board of town trustees shall have the following powers:
>
> . . . .
>
> Twentieth. To make and establish such by-laws, ordinances and regulations, not repugnant to the laws of this state, as may be necessary to carry into effect the provisions of this act, and to repeal, alter or amend the same as they shall seem to require; but every by-law, ordinance or regulation imposing a penalty for its violation *shall*, except in case of emergency to be declared therein, *be published in a newspaper in such town, if one be printed therein,* or be posted in one [1] public place in each ward of such town, at least ten [10] days before the same shall take. effect." (Our emphasis.)

The Acts of 1927, ch. 96, § 2, p. 252, Burns' Ind. Stat. Anno. § 49-702 (1964 Repl.), provides as follows:

> "All publications, except that of annual reports of township trustees, school boards, boards of county commissioners and civil cities and towns (which publications shall be made one time only), shall be published as now required by law, unless otherwise provided for in this act, *except that no publication* shall be made fewer than two [2] insertions, one [1] week apart. . . ." (Our emphasis.)

From a reading of the latter statute, it was evidently the intent of the legislature that notices by publication, be published for two consecutive weeks. Since this statute was passed after the previous statute providing for newspaper notice of a town ordinance, and since the provisions of the two statutes are not conflicting, the later expression of the legislature must control.

It was stipulated in the case below that at the time the ordinance here sought to be enforced was passed, there was one publication. It, therefore, follows that said ordinance is void and that any action taken under such void ordinance is a nullity.

The judgment of the court below is therefore affirmed.

Myers, C. J., Arterburn and Jackson, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 215 N. E. 2d 183.