Ronald O. WIRGAU, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 4–482A102.

Court of Appeals of Indiana,
Fourth District.

Dec. 22, 1982.

Rehearing Denied Jan. 27, 1983.

Don G. Blackmond, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

The defendant-appellant Ronald Wirgau appeals the imposition of a fine following his in court admission (guilty plea) of operating an overweight motor vehicle on the Indiana Toll Road. Pursuant to Ind.Code 34-4-32-4, Wirgau was fined ($3,500) for the infraction which he paid the next day in order to release his impounded truck. Wirgau appeals claiming he should have been afforded criminal safeguards during his trial on the infraction. However, since September 1, 1981 the entire judicial procedure pertaining to infractions is conducted pursuant to the rules of civil procedure. Ind. Code 34-4-32-1(c)(1). We affirm.

Specifically Wirgau presents these issues:

"1. Whether the trial court committed reversible error when it failed to advise the defendant of his right to retain counsel; failed to obtain a free and knowing waiver of the right to counsel; and failed to advise the unrepresented defendant of his right to a trial, to face the witnesses against him, to have compulsory process for obtaining favorable witnesses, to require the State to prove their case and not be compelled to testify against himself, prior to accepting defendant's guilty plea, all in violation of IND.CODE 35-4.-1-1-2, IND.CODE 35-4.1-1-3, and the 14th and 6th Amendments to the U.S. Constitution and Article I, § 13 of the Indiana Constitution.

2. Whether the trial court committed reversible error in that the conviction is not supported by any factual basis in the record establishing that the defendant's vehicle weight exceeded the statutory amount, as is required by IND.CODE 35-4.1-1-4.

3. Whether the trial court committed reversible error in ordering a $3,500 fine, which is excessive and bears no reasonable nexus to the offense charged, in violation of Article 1, § 16 of the Indiana Constitution and the 8th and 14th Amendments to the U.S. Constitution."

## FACTS

On October 8, 1981 at approximately 3:51 A.M. Indiana State trooper Richard Graeber

stopped Wirgau at the toll station for operating an overweight motor vehicle on the Indiana Toll Road. After impounding the truck, Graeber transported Wirgau to Valparaiso where his trial was held that day.

The proceedings were as follows:

"THE COURT: Mr. Wirgau, you are here this morning on the charge of overweight one hundred and twenty-two thousand four hundred pounds on the Toll Road.

... I have made the determination from past cases that the legal weight on the Toll Road is ninety thousand and not seventy-three thousand. But, he is still thirty-two thousand over.

How do you plead to that?

MR. WIRGAU: Guilty.

THE COURT: Whose truck is it?

MR. WIRGAU: Mine.

THE COURT: What in the sam hill were you doing with so much weight on there? You were over one coil. What, did you have three coils on there?

MR. WIRGAU: Yeah. I got a Michigan train though, two trailers. I had two small coils on the first trailer and one large coil on the rear trailer.

THE COURT: Did they impound your truck last night?

MR. WIRGAU: Yes, they did. They stopped me just as I payed [sic] the toll. Then they brought me back all the way to Chesterton, the truck is over at Chesterton.

THE COURT: What did they tell you your fine would be?

MR. WIRGAU: Four thousand six hundred

THE COURT: Well, that's based on my schedule. But I'm, as I say, I have made the determination that as far as I can figure out, from all the rules and regulations, ninety thousand is legal on the Toll Road.

So, that would reduce it down to thirty-five hundred dollars. Plus court costs of thirty-four dollars.

I will allow you your liberty. But, I will not release the truck until such time as that has been paid.

And, when you do get your truck back, you're going to have to break it and haul those trailers separately. Or, you will just get caught again.

And, if you get caught on the state highway, it is going to be—will be that figure that they gave you last night.

MR. WIRGAU: Well, I was going to go to the Crossroads, I was only about three blocks away from the Crossroads, where I was going to go break them up there.

THE COURT: I'll let him go. I can't really hold him here. That is the amount, thirty five hundred and thirty-four dollars. And upon your payment at the Court, we will release your truck.

MR. WIRGAU: O.K.

THE COURT: Where is the truck impounded?

MR. WIRGAU: It's in Chesterton at some little junk yard. I don't know how I'll ever get it out of there, there was hardly room to get it in. I don't know how I'll ever get it out of there.

THE COURT: We'll make sure you get it out."

Besides this brief proceeding, the only other relevant materials in the record before us are the ticket issued by Graeber and all the papers relating to the motion to correct errors and the praecipe.

The State filed a motion to dismiss this appeal contending Wirgau failed to perfect an appeal because the proper procedural method for challenging a guilty plea is by filing a petition for post-conviction relief. Wirgau pointed out an infraction occurring after September 1, 1981 requires the application of civil procedure. IC 34–4–32–1(c)(1). This court denied the motion to dismiss on September 8, 1982.

## DECISION

■ Before addressing Wirgau's issues, we must examine the fundamental changes in procedure which took effect September 1, 1981.[1] Previously all traffic offenses were

---

1. See Ind.Code 34–4–32–1 to 5. The new procedure governs infractions and enforcement of municipal ordinances.

criminal in nature. Under the old statute, before accepting a guilty plea to any traffic *offense* (except parking, standing or non-moving offenses), the court had to inform the defendant of his criminal rights.[2] Currently, the statute only requires the court to give this information before accepting a plea of guilty to a *misdemeanor* traffic offense.[3] The procedure for infractions is now found in IC 34–4–32–1 to 5, wherein the language instructs: the proceedings are to be conducted in accordance with the Indiana Rules of Trial Procedure;[4] the plaintiff must prove the commission of the infraction by only a *preponderance of the evidence;*[5] and punishment for an infraction is merely a fine.[6] There is no provision for any criminal procedures. Thus, the legislature has mandated a change in the handling of traffic infractions. It is, of course, very significant that the legislature, in the same act which changed infractions to a civil procedure, also eliminated the requirement of advising traffic defendants of their constitutional safeguards except for traffic *misdemeanors.* Finally, we observe in Indiana there are no common law crimes. All crimes are statutory and enumerated by the legislature. *Stephens v. State,* (1886) 107 Ind. 185, 8 N.E. 94; *State v. Lopez,* (1973) 156 Ind.App. 379, 296 N.E.2d 918. With this background, we now address Wirgau's issues.

*Advisement of Rights*

██ Essentially Wirgau is claiming in his first issue that the trial court erred in not advising him of his full panoply of safeguards guaranteed to every criminal defendant—a procedure zealously guarded by the Indiana Courts. However, as explained above, Wirgau was not a criminal defendant.[7] IC 35–4.1–1–2 and IC 35–4.1–1–3 delineate criminal procedures for arraignment and pleading concerning right to counsel and judicial advice before a guilty plea. They have no relevance in a civil proceeding. Wirgau also relies on the Sixth Amendment of the United States Constitution as applied to the states by the Fourteenth Amendment[8] and Article I, § 13 of the Indiana Constitution. "In all criminal prosecutions, the accused shall..." are the opening words of both of these sections.

2. IC 1971 9–4–7–9 (Burns Code Ed., Repl.1980) stated:

> "Plea of guilty—Procedure.—(a) Rights of defendant. Before accepting a plea of guilty to a traffic offense other than parking, standing, or non-moving, the court shall inform the defendant of his rights, which shall include, but not be limited to, the right:
>
> (1) To engage counsel;
>
> (2) To a reasonable continuance to engage counsel to subpoena witnesses;
>
> (3) To have process issued by the court, without expense to him, to compel the attendance of witnesses in his behalf;
>
> (4) To testify or not to testify in his own behalf;
>
> (5) To a trial by jury; and
>
> (6) To appeal.
>
> The court shall inform the defendant if he is convicted, that a record of the conviction will be sent to the motor vehicle commissioner of this state or of the state where defendant received his license to drive to become a part of his driving record.
>
> (b) Hearing witnesses. In all cases, except those where a plea of guilty has been entered, the court shall hear all of the witnesses prior to judgment and sentence. [Acts 1963 (Spec.Sess.), ch. 11, § 9.]

3. Ind.Code 9–4–7–9

4. IC 34–4–32–1(c)

5. Ind.Code 34–4–32–1(d)

6. IC 34–4–32–4

7. We note the trial record denoted this hearing as an arraignment and the judge accepted Wirgau's guilty plea. Although the trial court might appear to have treated the proceedings as criminal, by statute it is civil. Any procedural error from this failure is waived by failure to object or include in the Motion to Correct Errors. Ind.Rules of Procedure, Trial Rule 59 and Appellate Rule 8.3. Further, we note, Wirgau's appellate counsel was aware of the change in procedure. He followed the correct civil procedure for appeal and addressed the procedural issue when the State tried to dismiss the appeal.

8. In his brief, Wirgau also mentions a violation of due process because of an alleged pre-trial incarceration. The record does not reflect a pre-trial incarceration. Wirgau did not file any affidavits establishing matters outside the record as required by Ind. Rules of Procedure, Trial Rule 59(H). We are unable to address an issue on a barren record.

Once again, they are not applicable to a civil proceeding.

We find support for our position in decisions of our courts involving analogous situations. As noted earlier (footnote one), violations of municipal ordinances are now designated as infractions along with some traffic offenses. Historically, violations of municipal ordinances have been deemed civil if there is only a monetary penalty, but criminal with full constitutional safeguards if imprisonment is imposed. *Biedinger v. City of East Chicago,* (1958) 129 Ind.App. 42, 154 N.E.2d 58. For example, in *Biedinger,* the defendant was tried in a city court for the violation of a city ordinance, found guilty and ordered to pay a $25 fine and serve 30 days in the county jail with the imprisonment suspended on the condition the building violation cease. Biedinger attempted to appeal to the Lake Circuit Court, but that court dismissed the appeal. On further review, this court found the original proceedings had been civil, but the entire action took on the character and nature of a criminal proceeding when the city court entered a judgment which included imprisonment.[9] Because Biedinger had attempted a civil appeal, it was dismissed. Likewise in *State ex rel. Town of Lowell v. Meredith,* (1966) 247 Ind. 273, 215 N.E.2d 183, the Indiana Supreme Court held violations of city ordinances which only involve monetary penalties are civil in nature and are governed by the rules of civil procedure. As with traffic infractions today, violations of municipal ordinances bear a similarity to crimes, but the proceedings are directed by the rules of civil procedure.

In a congruent manner, the rules of civil procedure without criminal safeguards govern other civil proceedings even though the incident being litigated has some criminal characteristics. In *Price v. Reed,* (1943) 114 Ind.App. 253, 51 N.E.2d 86 the court held section 13 of the Indiana Constitution and the Sixth Amendment apply only to criminal proceedings. In *Price,* the Industrial Board had determined, after a hearing, that the deceased had been killed while committing a misdemeanor. On appeal, his widow claimed this finding could only be made "within the limits of constitutional and statutory provisions intended to safeguard the rights of one accused of a crime." *Id.* at 88. But the court pointed out these safeguards only attach to *criminal prosecutions,* not to civil procedures.

Likewise, in actions involving the refusal to take a breathalyzer test, which results in a civil hearing at the trial court for the suspension of licenses, this court has consistently held that persons have no Sixth or Fourteenth Amendment right to counsel in civil matters. *Steward v. State,* (1982) Ind. App., 436 N.E.2d 859 (no constitutional right to counsel, standard of proof is preponderance of evidence); *Hatch v. State,* (1978) 177 Ind.App. 231, 378 N.E.2d 949 (proof of refusal need not be beyond reasonable doubt); *Davis v. State,* (1977) 174 Ind. App. 433, 367 N.E.2d 1163 (no constitutional right to counsel).

Accordingly, we hold the trial court did not err in not advising Wirgau of his rights before accepting his admission.

---

**9.** The court instructed:

"It has been many times been held in this state that a prosecution for the violation of a city ordinance, in which a monetary penalty only is sought is a civil and not a criminal action. *Common Council of Town of Indianapolis v. Fairchild,* 1848, 1 Ind. 315; *Bogert v. City of New Albany,* 1848, 1 Ind. 38; *Levy v. State,* 1855, 6 Ind. 281; *Board of Commissioners of Tippecanoe County v. Chissom,* 1856, 7 Ind. 688; *City of Goshen v. Croxton,* 1870, 34 Ind. 239; *City of Greensburgh v. Corwin,* 1877, 58 Ind. 518, 519; *Town of Brookville v. Gagle,* 1880, 73 Ind. 117; *Miller v. O'Reilly,* 1882, 84 Ind. 168; *Clevenger v. Town of Rushville,* 1883, 90 Ind. 258; *Shea v.* *City of Muncie,* 1897, 148 Ind. 14, 46 N.E. 138; *Smith v. City of New Albany,* 1910, 175 Ind. 279, 93 N.E. 73; *Seibert v. City of Evansville,* supra [1924, 195 Ind. 189, 144 N.E. 841]; *Ridge v. The City of Crawfordsville,* 1891, 4 Ind.App. 513, 31 N.E. 207; *City of Hammond v. New York, Chicago & S. Louis Ry. Co.,* 1892, 5 Ind.App. 526, 31 N.E. 817; *Griffee v. Town of Summitville,* 1894, 10 Ind.App. 332, 37 N.E. 280, 1068; *City of Greensburg v. Cleveland, etc. R. Co.,* supra [1899, 23 Ind. App. 141, 55 N.E. 46] *Jerzakowski v. City of South Bend,* supra [1924, 82 Ind.App. 132, 145 N.E. 520.]"
*Biedinger v. City of East Chicago,* 129 Ind.App. at 45, 154 N.E.2d at 59–60.

*Factual Basis For Judgment*

 Wirgau alleges there was no factual basis for the judgment as required by IC 35–4.1–1–4. Initially, we point out the cited statute is a criminal statute and has no relevance for proceedings under IC 34–4–32–1 to 5. Further, it has long been the law that "[a]dmissions made in Court, for the purpose of the trial are conclusive." *Thompson v. Thompson,* (1857) 9 Ind. 323, 333; *see also, State v. Tolliver,* (1965) 246 Ind. 319, 205 N.E.2d 672; *New York Central Railroad Co. v. Wyatt,* (1962) 135 Ind. App. 205, 184 N.E.2d 657, *trans. denied* (1962) 244 Ind. 373, 193 N.E.2d 63; *Gramar Investment Co. v. Cumberworth,* (1950) 120 Ind.App. 379, 92 N.E.2d 736; 13 I.L.E. *Evidence,* § 329; 30 Am.Jur.2d *Evidence* § 1807 (1967). It is neither a statutory requirement nor a requirement of our civil rules of procedure that a plaintiff must establish facts admitted by his adversary. We hold that there was no need to establish a factual basis for the judgment because Wirgau admitted being overweight in open court.

*Reasonableness of Fine*

 Lastly, Wirgau's allegation that the fine was excessive and had no reasonable nexus to the offense is not supported by cogent argument. Here, the fines for overweight vehicles are graduated to the amount of overweight. We have previously held such fines to be constitutional. *Denton v. State,* (1979) Ind.App., 395 N.E.2d 812. A driver of a vehicle more than 10,000 pounds overweight commits a class A infraction, Ind.Code 9–8–1–22, which is subject to a fine of up to $10,000 plus costs. IC 34–4–32–4. Wirgau's $3,500 fine was well within the established limits. We hold the fine of $3,500 for being 32,000 pounds, or 35% overweight is not excessive and bears a reasonable nexus to the offense.

Affirmed.

YOUNG, P.J., and CONOVER, J., concur.