## LAGLER, BY NEXT FRIEND, v. BYE ET AL.

[No. 6,274. Filed June 9, 1908. Rehearing denied October 7, 1908. Transfer denied December 9, 1908.]

1. STATUTES.—*Penal.*—A penal statute is one inflicting a punishment, either by fine or forfeiture, and supplies a remedy lacking in the common or statutory law. p. 594.

2. SAME.—*Penal.—Strict Construction.*—A penal statute must be strictly construed. p. 594.

3. SAME.—*Requiring Construction of Temporary Floors.—Penal.*—The act of 1903 (Acts 1903, p. 151, §§3859-3862 Burns 1908), requiring that in constructing buildings of "three stories in height or more" temporary floors shall be provided, is a penal statute, the violation thereof constituting a crime. p. 594.

4. SAME.—*Providing Increased Compensation.—Construction.*—Statutes providing for more than actual compensation do not give to the injured party a right of action for "a newly created offense." p. 595.

5. SAME.—*Penal and Remedial.—Construction.*—A statute providing a penalty recoverable by the aggrieved party, and also a fine for a violation of its provisions, is given a strict construction as to the penalty and a liberal construction to prevent the mischief. p. 595.

6. PLEADING.—*Complaint.—Statutory Cause of Action.*—Plaintiff, in an action founded upon a statute, must allege all of the facts necessary to bring him within its terms. p. 596.

7. STATUTES.—*Strict and Liberal Construction.*—Strict construction excludes everything not within the letter of the statute, while liberal construction includes everything within the spirit thereof. p. 596.

8. WORDS AND PHRASES.—*"Story."—Statutes.*—The word "story," as used in §3859 Burns 1908, Acts 1903, p. 151, §1, requiring the construction of temporary floors in buildings of "three stories in height or more," imports a horizontal, physical division of a house. p. 596.

9. PLEADING.—*Complaint.*—*Master and Servant.*—*House Construction.*—*Statutes.*—A complaint for damages showing that plaintiff was working on the skylight of a building under construction, that such building was five stories high, that no temporary floor had been provided therein as required by §3859 Burns 1908, Acts 1903, p. 151, §1, and that by reason thereof plaintiff fell receiving severe injuries, states no cause of action, since as to the part of the building underneath the skylight there was but one "story." p. 597.

From Superior Court of Marion County (70,804); *Vinson Carter*, Judge.

Action by Frank Lagler, by his next friend, against David M. Bye and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*James M. Ogden, Orison H. Hayes* and *Jacob L. Steinmetz*, for appellant.

*Elmer E. Stevenson*, for appellees.

COMSTOCK, J.—This action was brought by appellant against appellees to recover damages for injuries received by him while working on appellees' building, which was in course of erection, caused by appellees' failure to build temporary floors as required by statute. (§§3859-3862 Burns 1908, Acts 1903, p. 151.)

The complaint is in one paragraph, and alleges, substantially, that on November 12, 1903, the appellees were engaged in the erection of a building five stories in height in the city of Indianapolis, upon real estate owned by them; that the appellant on that day was at work on the iron work of a skylight, which skylight formed a small part of the roof; that on the day mentioned no floor or protection had been put down on the fourth story of the building, underneath the skylight, before the fifth story was commenced, contrary to the provisions of the law of Indiana; that appellant was young and inexperienced, being then of the age of seventeen years; that he was lawfully on the building and was lawfully at work constructing the iron work supporting

the skylight; that directly underneath where he was working there was no floor or protection to prevent him from falling five stories to the ground floor; that, without fault on his part contributing thereto, he fell to the ground floor of the building, receiving severe and serious injuries, externally and internally (describing the injuries). Wherefore he demands judgment for $25,000. A demurrer for want of facts was sustained to this complaint, and, appellant refusing to plead further, judgment was rendered in favor of appellees for costs.

The action of the court in sustaining said demurrer is assigned as error.

Connecticut, Illinois, Indiana, Massachusetts, New York, Ohio, Pennsylvania and Wisconsin have enacted laws for the protection of employes engaged in the construction of buildings, but in the cases reported under the various statutes the precise question here presented has not been considered.

A penal statute is one which inflicts a forfeiture for transgressing its provisions. Anderson's Law Dict., 763. It involves the idea of punishment, and its character is not changed by the mode in which it is inflicted, whether by civil or criminal procedure. *United States* v. *Chouteau* (1880), 102 U. S. 611, 26 L. Ed. 246. Such statute is one which affords a remedy, supplying defects in the common or statutory law. 1 Blackstone's Comm., *86.

"If a statute creates a liability where otherwise none would exist, or increases a common-law liability, it will be strictly construed." 2 Lewis's Sutherland, Stat. Constr. (2d ed.), §547, and cases cited under note 2.

Section 3859, *supra*, provides: "That it shall be unlawful for any person, firm or corporation engaged in the erection of any building, three stories in height or more, to begin in the erecting of the third story, or any story above the third story, until a floor or protection has

been put down on the second story, and a floor or protection shall likewise be put down for the third story before the fourth story is commenced, and so on successively. A floor or protection shall be put down on the last story erected before beginning work on the walls or materials for the next story above. Such floor or floors shall be made of material fitted together sufficiently close to prevent persons, materials or substances of any kind, falling from above, from going through the same, and such floor or floors shall be sufficiently secure as to prevent their tipping up or giving away under a person or persons walking over same." The third section of the act (§3861, *supra*) provides that any person or corporation violating any of its provisions shall be fined not less than $25 nor more than $100. The fourth section (§3862, *supra*) provides for enforcing the provisions of the law. The statute answers the definition of a penal statute. It must be construed by the rules of strict construction which generally obtain as to such statutes. The only exception to this rule is in the case of a statute which provides for more than actual compensation, such as double or treble recovery for the commission of some wrong which would have given the party injured a cause of action at common law for actual compensation, such as trespass, negligence and other common-law torts. In such cases the statute allows to the party no cause of action for "a newly created offense." *Casey* v. *St. Louis Transit Co.* (1905), 116 Mo. App. 235, 250, 91 S. W. 419.

Statutes may be in part penal and in part remedial. Statutes which provide a penalty recoverable by the party aggrieved are in many cases construed as remedial as well as penal, and, in dealing with them, courts are called upon to some extent to make application of two adverse principles, viz., strict construction on account of the penalty, and liberal construction to prevent the mischief sought to be deterred, and to advance the remedy there-

by given in favor of the party aggrieved.    2 Lewis's Suther-
land, Stat. Constr. (2d ed.), §532.

The statute before us does not come within the exception,
and is only penal and not remedial.    Plaintiff must allege
specifically every fact requisite to bring his cause of
6.    action within the provisions of the statute upon which
he relies.    *Laporte Carriage Co.* v. *Sullender* (1905),
165 Ind. 290, and cases cited.

What is strict statutory construction?    From a text-book
in which the subject is treated very instructively we give
brief quotations.    In 2 Lewis's Sutherland, Stat.
7.    Constr. (2d ed.), §518, it is said: "In other words,
a strict construction is a close and conservative ad-
herence to the literal or textual interpretation."    Citing
*Austin* v. *State* (1883), 71 Ga. 595; *Andrews* v. *United
States* (1842), 2 Story 202, Fed. Cas. No. 381; *Melody* v.
*Reab* (1808), 4 Mass. 471, and other cases.    In 2 Lewis's
Sutherland, Stat. Constr. (2d ed.), §519 it is said: "The
letter of remedial statutes may be extended to include cases
clearly within the mischief they were intended to remedy,
unless such construction does violence to the language used;
but consideration of the old law, the mischief, and the rem-
edy, are not enough to bring cases out of the terms within
the purview of a penal statute.    They must be expressly in-
cluded in the words of the statute.    This is all the difference
between a liberal and a strict construction of a statute.    A
case may come within one unless the language excludes it,
while it is excluded by the other unless the language includes
it."    Citing cases.

The definition of the word "story," which we think is of
most general acceptance, is "a set of rooms on the same floor
or level; a floor or the space between two floors."
8.    Webster's Dict.    A story is therefore a horizontal,
physical, division of a house.

As to the open court, upon the roof of which appellee was
at work at the time of the accident, and which was designed

to serve as a cover of a skylight thereof, there was
9.  but one story in the building.  No floor at any time
was contemplated between the ground and the skylight
directly above.  The statute requires only floors above the
second story of the building.

The case presented in the complaint is not specifically de-
scribed in the statute.  ''To extend a penal statute to a case
not specifically described, the intention of the legislature
must be ascertained from the words of the act, and not made
out by conjecture as to the purpose of the lawmaker or based
upon probabilities.''  *The Ben R.* (1904), 134 Fed. 784, 67
C. C. A. 290.  ''Consideration of the old law, the mischief
and the remedy, are not enough to bring cases out of the
terms within the purview of a penal statute.''  2 Lewis's
Sutherland, Stat. Constr. (2d ed.), §519.

Other defects to the complaint, in justification of the ac-
tion of the trial court, are pointed out.  We have deemed it
necessary to pass only upon the controlling question.  Af-
firmed.

Roby, J., absent.