Larry HASS, Appellant
(Plaintiff Below),

v.

SHRADER'S INC. and Indiana Worker's
Compensation Board, Appellees
(Defendants Below).

No. 93A02–8810–EX–00393.

Court of Appeals of Indiana,
Fourth District.

Feb. 27, 1989.

Steven L. Langer, Langer & Langer, Valparaiso, for appellant.

F. Joseph Jaskowiak, Katharine E. Gerken, Hoeppner, Wagner & Evans, Valparaiso, John N. Shanks, II, Indiana Worker's Compensation Bd., Indianapolis, for appellees.

CHEZEM, Judge.

### Case Summary

Plaintiff–Appellant Hass appeals a negative award of the Indiana Worker's Compensation Board (Industrial Board). We reverse and remand for further proceedings.

### Issues

1. Whether the Industrial Board erroneously determined that overtaking a vehicle on the right, a violation of I.C. 9–4–1–67—a civil infraction—constitutes an "offense" under I.C. 22–3–2–8.

2. Whether the Industrial Board erroneously *sua sponte* raised and adjudicated the affirmative defense that the plaintiff violated a statutory duty.

### Facts

Hass was an employee of Shrader's Inc. On October 16, 1987, Hass, pursuant to his employer's instructions, was to make various pickups and deliveries using a 1984 Ford pickup truck. Shortly before 11:30 a.m., Hass was traveling on the right shoulder of the Borman Expressway when the pickup struck a parked and unattended semi-tractor trailer resulting in his own personal injury. Hass has been unable to work from the time of the accident to the

present as a direct result of the injuries received.

Hass filed a Form No. 9 with the Industrial Board alleging that he was entitled to benefits under the Workmen's Compensation Act, since he suffered an injury by accident arising out of and in the course of employment. Defendant, Shrader's Inc., raised the special defense that Hass was not entitled to compensation since Hass had "committed an offense," namely a violation of I.C. 9–4–1–67—Overtaking on the right, a Class C infraction.

A hearing was held on February 3, 1988 and on July 26, 1988, the Hearing Member entered his Findings and Award denying Hass' claim upon his finding that Shrader's had proven its special defense, that Hass had "committed an offense." Hass subsequently filed his Form No. 16 requesting review by the Full Board. A hearing was held on September 13, 1988. On September 23, 1988 the Board entered its award, by a 5–2 vote, which adopted the Findings and Award of the Hearing Member and *sua sponte* raised and adjudicated the special defense of "violation of a statutory duty," finding that Hass had violated a statutory duty in addition to "committing an offense."

### Discussion and Decision

### I

■■■ Hass contends that the Industrial Board erroneously considered that a violation of I.C. 9–4–1–67, a Class C infraction, was an "offense" under I.C. 22–3–2–8. I.C. 22–3–2–8 (defense provision) provides that employers may raise special defenses to claims by employees for compensation for injuries that arise out of and occur in the

course of employment. Such a defense, if proven, will act as a bar to compensation. The burden of proof of the defense is on the employer. "Committing an offense" is one of the special defenses. *Id*

The defense provision does not define the word "offense," nor is it defined elsewhere in the Workmen's Compensation Act. The word occurs often in the code and is defined in three (3) different acts.[1] Prior to 1983, all three acts included infractions within its definition. In 1983 the legislature "decriminalized" the traffic code. At that time many offenses, which had previously been misdemeanors, were reduced to civil infractions.[2] At the same time the legislature amended the criminal code's definition of "offense" to specifically exclude infractions and reads as follows:

> **Offense.**—"Offense" means a crime. The term does not include an infraction. I.C. 35–41–1–19 (Burns Ind.Stat.Ann. 1986).

"Crime" is defined as follows:

> **Crime.**—"Crime" means a felony or a misdemeanor. I.C. 35–41–1–6 (Burns Ind.Stat.Ann.1986).

I.C. 35–41–1–3 and I.C. 1–1–4–1 require that the definitions of I.C. 35–41–1–1 *et seq.* apply throughout Title 35 and all other statutes relating to penal offenses. The other two definitions are specifically restricted in their application to their respective chapters. I.C. 33–1–13–1 and I.C. 9–4–7–2. Thus, the definition in Title 35 is the only one which reaches beyond the scope of its chapter. In fact, it has "code-wide" application, except where it is defined otherwise or the context clearly requires a different definition.[3]

---

**1.** I.C. 9–4–12–1, 33–1–13–1, and 35–41–1–19.

**2.** *See* I.C. 9–4–1–127 (Burns Ind.Stat.Ann.1980) (repealed 1981) and I.C. 9–4–1–127.1 (Burns Ind. Stat.Ann.1987).

**3.** The words "offense" and "infraction" occur together in the code thirty-four (34) times. Twenty-nine (29) of the references—including the two already mentioned which are definition statutes—refer to each other as if to imply that "offense" includes "infraction." *See* I.C. 8–3–1–7, 8–8–8–1, 8–8–9–1, 8–9–5–1, 8–9–5–2, 8–12–2–16, 8–21–10–15, 13–1–1.5–16, 13–1–6–10, 13–2–2–13, 13–2–3–3, 13–2–18.5–10, 13–2–20–6, 13–2–22–

20, 13–4–5–11, 14–2–5–9(e), 15–3–5.5–2, 16–6–2–2, 16–13–6.1–15.1(e), 22–2–11–3, 23–14–8–10, 23–14–12–2, 25–4–1–26, 25–34.1–6–2(a)(3), 27–8–3–24, 28–1–29–13, 32–5–4–4, 33–1–13–1, and 36–7–9–28(4). However, we note that all of these statutes were enacted prior to 1983.

The terms also appear together in the code in a manner which implies or expressly concludes that "offense" excludes "infraction" in four (4) statutes. *See* I.C. 6–6–2.1–1212 (refers to violation of statute which is an infraction; if other conduct is present, the "offense" becomes an infraction), 9–6–2–1(e)(1) ("offenses *or* a judgment for an infraction), 16–6–9–5 (refers to vio-

Shrader's cites cases where our courts have denied compensation to an injured employee where that employee had violated traffic statutes. *See DeMichaeli & Assoc. v. Sanders* (1976), 167 Ind.App. 669, 340 N.E.2d 796, *Gary Ry. v. Garling* (1949), 120 Ind.App. 36, 88 N.E.2d 571, and *Price v. Reed* (1943), 114 Ind.App. 253, 51 N.E.2d 86. However, in those cases the "offenses" were misdemeanors at the time. Prior to 1978 the defense provision read "commission of a felony or a misdemeanor,"[4] rather than "commission of an offense" as it presently reads. Thus, in those cases the "offenses" clearly fell within the statute.

Shrader's asserts that the legislature intended that the pre–1983 definition of "offense" apply since the defense provision was enacted prior to the enactment of the provision redefining "offense." Were we to strictly construe this statute, Shrader's argument would have merit. However, our case law is clear that the Workmen's Compensation Act is a remedial statute and is to be liberally construed in favor of the employee. *Fashion Thimble Shoe v. Withrow* (1942), 110 Ind.App. 668, 40 N.E.2d 359. "A statute liberally construed may be extended to include cases clearly within the mischief to be remedied, unless it does violence to the language used." 26 I.L.E. § 171, p. 363 *citing Lagler v. Bye* (1908), 42 Ind.App. 592, 85 N.E. 36.

The purpose of the Workmen's Compensation Act was to provide a remedy to those workmen injured in the course of employment without having to resort to lengthy litigation or face the threat of losing a claim due to contributory negligence, assumption of the risk, or the fellow servant rule. *See O'Dell v. State Farm Mutual Auto. Insurance* (1977), 173 Ind.App. 106, 362 N.E.2d 862, and W. Prosser, *Law of Torts* § 80, p. 531 (1971). Here, Hass was injured from an accident allegedly arising out of and in the course of employment. While Hass was probably negligent in his operation of the truck, negligence is not the issue in a workmen's compensation claim. All that is required is that a plaintiff prove that his injuries were the result of an accident arising out of and in the course of employment. Once a plaintiff has made such a showing, he is entitled to compensation. I.C. 22–3–2–2.

The narrow exception to entitlement is when an employer proves that the injuries were proximately caused by the employee's "knowingly self-inflicted injury, his intoxication, his commission of an offense," *etc.* I.C. 22–3–2–8. The exclusion of infractions from the definition of "offense" does not do violence to the Act, but rather is consistent with the ameliorative purpose of the Act. Accordingly, we hold that the word "offense" as found in I.C. 22–3–2–8 is defined in I.C. 35–41–1–19 and does not include infractions.

## II

■ Hass next contends that the Full Board erred when it *sua sponte* raised and adjudicated the defense of "violation of a statutory duty." We agree. The statute requires that the defense be proved by the defendant; thus, it is an "affirmative" defense. In fact, the rules established by the Industrial Board require that the special defenses listed in the defense provision "must be pleaded by an affirmative answer filed no later than forty-five (45) days before the date set for hearing unless good cause is shown for the delay." 630 I.A.C. 1–1–10.

■ Shrader's did not file an affirmative answer for the special defense of "knowing failure to perform a statutory duty," nor

---

lation of statute which is an infraction; if other conduct is present, the "offense" becomes a misdemeanor), 35–41–1–19 (see above), and 35–46–3–1 (refers to violation of statute which is an infraction; if other conduct is present, the "offense" becomes a misdemeanor).

Also, in 1987 the legislature amended two statutes by replacing the word "offense" with the word "infraction." *See* I.C. 15–3–4–5 (His-

torical Notes, Burns Ind.Stat.Ann.1988 Supp.) and I.C. 25–19–1–11 (Historical Notes, Burns Ind.Stat.Ann. 1988 Supp.). This further persuades us that the legislature intends that the definition of "offense" after 1983, unless the context or title, chapter or section requires otherwise, exclude infractions.

**4.** I.C. 22–3–2–8 (Burns Ind.Stat.Ann.1974).

did it seek to do so at any time in the proceedings. In order to properly preserve an affirmative defense, the party with the burden of proving the defense must either set forth the defense in a responsive pleading, establish that the defense was litigated by the parties, or have litigated it by consent of the parties. *Lawshe v. Glen Park Lumber Co., Inc.* (1978), 176 Ind.App. 344, 375 N.E.2d 275 and *Lafary v. Lafary* (1985), Ind.App., 476 N.E.2d 155.

Shrader's never raised the defense, nor sought to establish that the defense was litigated by the parities, nor was the defense litigated by the parties. Accordingly, the defense was waived by Shrader's and the Board improperly raised and adjudicated the defense.

Shrader's asserts that the evidence which supports the defense of the "commission of an offense" is the same evidence which supports a "knowing failure to perform a statutory duty," so that any error in raising the defense was harmless. The Full Board found, by a majority, that Hass "violated a statutory duty." However, that is not the defense. The defense is a *"knowing* failure to perform a statutory duty." This defense has an additional requirement of proof; it must be proved by the defendant that the failure was "knowing." The Board made no finding as to whether or not the "violation" was knowing. Accordingly, even if the defense had not been waived, the finding must be reversed.

Because we reverse we do not address the issue of sufficiency of the evidence. For all of the above reasons, the decision of the Industrial Board is reversed and remanded to determine whether the accident arose out of and was in the course of employment.

NEAL and MILLER, JJ., concur.