**Creola P. LEE, Appellant–Plaintiff,**

v.

**CENTER TOWNSHIP TRUSTEE, Appellee–Defendant.**

**No. 93A02–9112–EX–00569.**

Court of Appeals of Indiana, Third District.

July 27, 1992.

William Levy, Yosha Cline Farrell & Ladendorf, Indianapolis, for appellant-plaintiff.

Michael V. Gooch, Harrison & Moberly, Indianapolis, for appellee–defendant.

HOFFMAN, Judge.

Appellant-plaintiff Creola P. Lee appeals the decision of the Full Worker's Compensation Board of Indiana that her failure to timely request review of a finding made by a single member of the Board rendered the finding conclusive.

The evidence pertinent to the appeal discloses that in February 1989, Lee sustained an injury while in the parking lot of her employer, the Center Township Trustee. A hearing was conducted on July 2, 1990 before a single member of the Board. At the hearing, the parties stipulated that whether Lee's condition had reached a permanent and quiescent state was not at issue. The single member took the case under advisement.

On July 24, 1990, the single member issued a decision allowing Lee an award of temporary total disability for the period between October 6, 1989 and April 23, 1990. Within the decision, the member found:

"That the issue to be decided is whether Plaintiff is entitled to benefits for the

period October 6, 1989 through April 23, 1990.

That on April 23, 1990, Plaintiff's condition reached quiescence and that she had no permanent partial impairment."

On August 13, 1990, the Trustee filed an application for review of the original award by the Full Board. On November 14, 1990, the parties' compromise agreement was approved and made part of the record by a single member.

In a letter to the Board dated November 30, 1990, Lee requested a hearing regarding the "issue of continuing temporary total disability from the period of the board's last finding...." On June 7, 1991, a single member issued an order concluding that no further action "shall follow the letter of Plaintiff's counsel dated November 30, 1990." The member found:

"That the Award of July 24, 1990 found that petitioner's condition reached a permanent and quiescent state on April 23, 1990. That that finding is the legal reason that benefits for temporary total disability are payable to that date and not beyond. That the Award of July 24, 1990 is a final Award as to the issue of temporary total disability."

On June 14, 1991, Lee filed an Application for Review by the Full Board of the Original Award. A hearing was held on the matter in October 1991, wherein Lee argued that the finding as to a permanent and quiescent state within the July 24, 1990 decision by the single member exceeded the scope of the stipulation regarding the issues to be addressed.

On November 27, 1991, the Full Board entered findings and an order sustaining and adopting the single member's June 7, 1991 decision. This appeal ensued.

■ In her appeal, Lee argues that the decision of June 7, 1991 and the decision of the Board on November 27, 1991 are contrary to law. She contends that the decisions erroneously determined that the finding, as to her condition achieving a permanent and quiescent state contained in the July 24, 1990 single member's decision, precludes further action. Lee asserts that the decision by the single member was in error

because the matter was raised and determined *sua sponte. See Hass v. Shrader's Inc.* (1989), Ind.App., 534 N.E.2d 1119, 1121–1122. However, Lee failed to request review of the finding.

IND.CODE § 22–3–4–7 (1988 Ed.) provides:

"If an application for review is made to the board within twenty (20) days from the date of the award made by less than all the members, the full board, if the first hearing was not held before the full board, shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives, and witnesses as soon as practicable and shall make an award and file the same with the finding of the facts on which it is based and send a copy thereof to each of the parties, in dispute, in like manner as specified in section 6 of this chapter."

IND.CODE § 22–3–4–8 (1988 Ed.) states in pertinent part:

"(a) An award of the board by less than all of the members as provided in section 6 of this chapter, if not reviewed as provided in section 7 of this chapter, shall be final and conclusive."

Although the opportunity for review was preserved when the Trustee filed an application for review on August 13, 1990, Lee did not ever raise the issue. Though it is true that prior to the July 2, 1990 hearing the parties stipulated that the matter of permanence and quiescence would not be presented at the hearing, Lee's failure to request review rendered the finding final and conclusive. Therefore, the Board properly determined that further action was precluded.

■ Lee also questions whether the finding of the single member as to her condition was ambiguous inasmuch as the reference was to an "impairment" rather than a "disability." However, the focus is upon the permanent and quiescent nature of the injury. Once the disability reaches a permanent and quiescent state, Lee can no longer assert a temporary condition. *See Talas v. Correct Piping Co., Inc.* (1980), Ind.App., 409 N.E.2d 1223, 1226, *revised on*

*other grds.* 416 N.E.2d 845, 426 N.E.2d 26, 435 N.E.2d 22 (the temporary period ends when the injury reaches a permanent and quiescent state, and the extent of permanent injury is assessed for compensation purposes).

There being no finding of reversible error, the decision of the Board as to temporary total disability is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.