**Thelma M. AKERS, Appellant,**

v.

**Lorena C. SEBREN, Appellee.**

No. 26A04–9401–CV–30.

Court of Appeals of Indiana, Fourth District.

Aug. 30, 1994.

Transfer Denied Jan. 18, 1995.

Amy L. Rankin, Robert L. Hartley, Jr., Martin, Wade, Hartley & Hollingsworth, Indianapolis, for appellant.

Christian M. Lenn, Gerling Law Offices, Evansville, for appellee.

RILEY, Judge.

### STATEMENT OF THE CASE

The Plaintiff–Appellee, Lorena Sebren (Sebren) filed a complaint for damages suffered in an automobile accident while she was a passenger in a car driven by Defendant–Appellant, Thelma M. Akers (Akers), her half sister.[1] Since negligence is the sole alleged basis for liability, Akers filed a motion for summary judgment contending that "sister" in the Indiana Guest Act[2] includes half sisters. Following the trial court's denial of the motion for summary judgment, appellant petitioned this court to take an interlocutory appeal, which appeal was accepted.

We affirm.

---

1. Sebren and Akers have the same mother but different fathers.

2. IND. CODE 34–4–40–3 (the "Guest Act") provides:
   The owner, operator, or person responsible for the operation of a motor vehicle is not liable for loss or damage arising from injuries to or the death of:
   (1) the person's parent;
   (2) the person's spouse;
   (3) the person's child or stepchild;
   (4) the person's brother;
   (5) the person's sister;
   (6) a hitchhiker;
   resulting from the operation of the motor vehicle while the parent, spouse, child or stepchild, brother, sister, or hitch-hiker was being transported without payment in or upon the motor vehicle unless the injuries or death are caused by the wanton or willful misconduct or the operator, owner, or person responsible for operation of the motor vehicle.

## ISSUE

The interlocutory appeal presents two issues for review. We address only one because it is dispositive: Does the word "sister" as included in the Indiana Guest Act apply to half sisters who have only one parent in common.

## STATEMENT OF THE FACTS

Sebren was traveling with Akers to Evansville, Indiana, in Akers's car with plans to have lunch and shop. Sebren shared expenses of the trip by purchasing $10.00 of gasoline. On their return from Evansville, Akers, who was driving, crossed over the roadway and struck a tree. Sebren was injured in the accident and alleged negligence on the part of Akers. Akers filed a motion for summary judgment claiming that since negligence is alleged, the claim of Sebren, who is her half sister, is barred by the Indiana Guest Act. The trial court denied Akers's motion for summary judgment.

## DISCUSSION AND DECISION

■ On appeal from an order denying summary judgment, the appellate court faces the same issues as those presented to the trial court and must analyze the dispute in the same way. *Oelling v. Rao* (1992), Ind., 593 N.E.2d 189, 190; *Northern Indiana Public Service Co. v. Sell* (1992), Ind.App., 597 N.E.2d 329, 330. We must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. *Shuamber v. Henderson* (1991), Ind., 579 N.E.2d 452, 454.

■ Akers contends that since the word "sister" is not defined in the Guest Act and since there is no prior case law on this issue, we should look to other Indiana statutes in which the word or phrase is defined, the accepted dictionary meaning of the word, or other states' decisions interpreting identical or similar statutory language. We disagree.

The use of the word "sister" in the Guest Act is clear and unambiguous and a search for legislative intent is unnecessary. The Court's inquiry should end here because no ambiguity exists as to the meaning of the word "sister." A search for legislative intent is required only when the language of the statute is unclear:

the threshold inquiry before the Court is whether the statute is ambiguous, for if no ambiguity exists the Court cannot interpret or substitute words to fit within a construction different from what the Legislature clearly and expressly intended.

*Joseph v. Lake Ridge School Corporation* (1991), Ind.App., 580 N.E.2d 316, 319; *Indiana Department of Public Welfare v. St. Joseph's Medical Center, Inc.* (1983), Ind. App., 455 N.E.2d 981, 983.

Judge Miller recently wrote about the Guest Act in *Coplen v. Omni Restaurants, Inc.* (1994), Ind.App., 636 N.E.2d 1285.

In construing our guest statute, we do not have the luxury of guidance from past decisions; however, we are cognizant of the cardinal rule of statutory construction that a statute clear and unambiguous on its face need not and cannot be interpreted by a court, which must hold it to its plain meaning. *Grove v. Thomas* (1983), Ind. App., 446 N.E.2d 641, 643.

Strict construction has been defined as "a close and conservative adherence to the literal or textual interpretation." *Lagler v. Bye* (1908), 42 Ind.App. 592, 85 N.E. 36, 37. Since the guest statute is in derogation of the common law it "must be strictly construed against limitations on a claimant's right to bring suit." *Tittle v. Mahan* (1991), Ind., 582 N.E.2d 796, 800. "Whenever the legislature adopts a statute that is in derogation of the common law, the appellate courts will presume that the legislature is aware of the common law and does not intend to make any change therein beyond what it declares, either in express terms or by unmistakable implication." *Id.* at 800. The court is prohibited from expanding the word "sister" to mean anything other than what is clearly expressed in the statute.

In *Davidson v. Davidson* (1990), Ind.App., 558 N.E.2d 849, 852, the court stated that the "words of the [guest] statute" must "be accorded their commonly accepted meaning unless a different purpose is clearly manifest from the statute itself."

Akers's argument concerning the dictionary meaning of "sister" also fails because half sister is not included in the primary definition of the word. In order to include half sister as a primary definition of "sister" the court may also be forced to include stepsister in its definition. It is clear to this court that if the legislature had intended to include "half sister" or "stepsister" in the Guest Act, it would have simply listed that relationship as an additional party. The Guest Act does expressly include "stepchild" [3] as a person included in the class under the Guest Act but it does not mention "stepsister" or "half sister." It is the duty of this court to strictly construe statutory language and this court must accept the primary meaning of sister which is "a female human being related to another person having the same parents as another." [4]

The trial court's denial of Akers's summary judgment is affirmed and this case is remanded to the trial court for further proceedings consistent with this opinion.

CHEZEM and NAJAM, JJ., concur.

3. I.C. 34–4–40–3(3).

4. Webster's New International Dictionary (3d ed. 1976).