**Danny MURPHY and Dorothy Murphy, Appellants–Plaintiffs,**

v.

**John F. COLE, Jr., Appellee–Defendant.**

**No. 33A01–9407–CV–240.**

Court of Appeals of Indiana,
First District.

March 8, 1995.

David W. Stewart, Carmel, for appellants.

Alan A. Bouwkamp, Sharon L. McGoff, Jennings & Associates, P.C., Carmel, for appellee.

NAJAM, Judge.

## STATEMENT OF THE CASE

Danny and Dorothy Murphy appeal from the trial court's order granting summary judgment in favor of John F. Cole, Jr. in a negligence action brought by the Murphys against Cole. We reverse.

On January 8, 1992, Danny was a passenger in a vehicle driven by Cole, Danny's half-brother. Cole lost control of the vehicle and collided with another vehicle and a building. The Murphys filed a negligence action against Cole and alleged that as a result of the accident: (1) Danny sustained personal injuries to his shoulder and back, and (2) Dorothy suffered the loss of Danny's services and companionship.

In response, Cole filed his motion for summary judgment and asserted that the Indiana Guest Act[1] (the "Act") barred the Murphys' claims because he and Danny were half-brothers. Following a hearing, the trial court entered summary judgment for Cole and found that the Murphys' claims against Cole were barred because the term "brother" as it is used in the Act includes a half-brother. The Murphys appeal.

## DISCUSSION AND DECISION

### Standard of Review

When reviewing a motion for summary judgment, we apply the same standard as the trial court, and we resolve any doubt as to a fact, or an inference to be drawn

---

1. IND.CODE § 34–4–40–3 provides:
   The owner, operator, or person responsible for the operation of a motor vehicle is not liable for loss or damage arising from injuries to or the death of:
   (1) the person's parent;
   (2) the person's spouse;
   (3) the person's child or stepchild;
   (4) the person's *brother;*
   (5) the person's sister; or
   (6) a hitchhiker;
   resulting from the operation of the motor vehicle while the parent, spouse, child or stepchild, brother, sister, or hitchhiker was being transported without payment in or upon the motor vehicle unless the injuries or death are caused by the wanton or willful misconduct of the operator, owner, or person responsible for the operation of the motor vehicle.

therefrom, in favor of the party opposing summary judgment. *City of Evansville v. Moore* (1990), Ind., 563 N.E.2d 113, 114. On appeal, only those portions of the record which were specifically designated to the trial court comprise the record for review. *Inland Steel v. Pequignot* (1993), Ind.App., 608 N.E.2d 1378, 1381, *trans. denied.* We must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. *Shuamber v. Henderson* (1991), Ind., 579 N.E.2d 452, 454.

### The Indiana Guest Act

The Murphys contend the trial court erred when it granted summary judgment in favor of Cole and found that the term "brother" in the Act should be construed to include a half-brother. The Murphys maintain that our recent decision in *Akers v. Sebren* (1994), Ind.App., 639 N.E.2d 370, *trans. denied,* controls the present case. We agree.

In *Akers,* the parties were involved in an automobile accident in which the plaintiff, who was the defendant's half-sister, was injured while riding as a passenger in the defendant's vehicle. After the plaintiff brought a negligence claim against her half-sister, the defendant then filed a motion for summary judgment and asserted that the Indiana Guest Act barred the plaintiff's claims because the term "sister" as it is used in the Act included a half-sister. However, unlike the present case, the trial court in *Akers* denied the defendant's motion for summary judgment.

On interlocutory appeal, we affirmed the trial court and held:

> The use of the word 'sister' in the Guest Act is clear and unambiguous and a search for legislative intent is unnecessary. The Court's inquiry should end here because no ambiguity exists as to the meaning of the word 'sister.'

> *       *       *       *       *       *

> It is clear to this court that if the legislature had intended to include 'half sister' or 'stepsister' in the Guest Act, it would have simply listed that relationship as an additional party.

*Id.* at 371–72. According to our decision in *Akers,* a half-sister is not included among the class of persons listed under the Indiana Guest Act and, thus, is not precluded from seeking recovery under the Act for personal injuries suffered in an automobile accident.

Notwithstanding our decision in *Akers,* Cole asserts that the trial court correctly interpreted the Act when it granted summary judgment in his favor because Indiana courts historically have not distinguished between "half blood" and "whole blood" siblings. *See* Brief of Appellee at 12 (citing *S.M.V. v. Littlepage* (1982), Ind.App., 443 N.E.2d 103, 107, *trans. denied*). "Accordingly," Cole argues, "an Indiana statute that specifically applies to a 'brother' also applies to a 'half brother.'" Brief of Appellee at 12. In short, Cole maintains that the Murphys' claims against him are barred by the Act and that "*Akers* is not binding on this Court." *See* Brief of Appellee at 22. We disagree.

■ The only relevant factual distinction between *Akers* and the present case is that *Akers* involved half-sisters while the dispute here involves half-brothers. That distinction is of no consequence as we agree with the reasoning underlying the rule enunciated by this court in *Akers.* Further, while under Appellate Rule 11(B)(4) the denial of a petition to transfer has no precedential value, we note that the Indiana Supreme Court has recently entered an order denying transfer in *Akers.*

Therefore, we hold that *Akers* controls and that the Murphys' claims are not barred by the Indiana Guest Act. The trial court's order is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

ROBERTSON and BAKER, JJ., concur.